UNITED STATES, Appellee

v

FRANKIE JOE MITCHELL, Airman Apprentice,
U. S. Navy, Appellant

16 USCMA 302, 36 CMR 458

*Major Paul F. Henderson, Jr.*, USMC, argued the cause for Appellant, Accused.

*Colonel J. E. Hanthorn*, USMC, argued the cause for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

This is an appeal from a conviction for unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. The accused pleaded guilty, and was sentenced to a bad-conduct discharge, total forfeitures, reduction to the lowest enlisted grade, and confinement at hard labor for one year. The question presented by the appeal is whether the accused had effective assistance of counsel during the sentence proceedings.

According to the record, the accused went home without authority in order to provide financial support for his mother and sister, who were being neglected by his father. At the time of his return to military control, however, his father had reestablished harmonious relations with the family and the financial situation was substantially improved. Before the trial, the brig officer reported that in the fifty-four days he had been confined, the accused "made an outstanding adjustment," and was a "model confinee." He further noted that the accused "frequently" expressed a desire to return to duty. At trial, defense counsel apprised the court members of the general court-martial of these circumstances. However, he also told them he "would be testing . . . [their] endurance" to ask that the accused not be separated from the service. He called attention to an earlier trial for the same type of offense, committed for the same reason. He observed that the court-martial had been "exceedingly generous" by imposing a light sentence, but the accused "had

not been sufficiently impressed with his military responsibility" to resist recidivism. There were many other remarks. Their substance is expressed in defense counsel's summary statement that he had "explained to this young man that after two years[1] it would be somewhat fruitless to expect anybody to want to take his word that he will not do this again." Counsel concluded by saying it was up to the court members to decide whether to impose a dishonorable discharge or a bad-conduct discharge.

When the record of trial came before the board of review, appellate defense counsel challenged the propriety of trial defense counsel's argument. Unanimously, the board of review agreed with appellate defense counsel. It held that the "overall impact" of the trial argument was "detrimental to the accused," and to purge the harm resulting from the argument it reduced the period of confinement from one year to eight months.

Defense counsel is an advocate for the accused, not an *amicus* to the court. Ellis v United States, 356 US 674, 2 L ed 2d 1060, 78 S Ct 974 (1958). This does not mean, of course, that he should knowingly present false evidence or that he should willfully distort the meaning of matters in evidence. However, he is obliged to marshal the evidence in the way most favorable to the accused. When the accused has entered a plea of not guilty, defense counsel should not concede away his innocence. United

---

[1] The period of unauthorized absence was actually twenty-one months.

States v Walker, 3 USCMA 355, 359, 12 CMR 111; United States v Smith, 8 USCMA 582, 585, 25 CMR 86, footnote 2. No less can defense counsel argue for a severe punishment, when the accused himself pleads for mercy. How shocking it would be, for example, for defense counsel to say the accused deserves the death penalty, when the accused has begged for his life. There may be cases in which the offense is "so heinous or so repugnant to common decency" that all in the military would, at first thought, at least, believe the accused should be sentenced to a punitive discharge. United States v Fort, 16 USCMA 86, 89, 36 CMR 242. In such cases, it might perhaps be an allowable defense tactic to plead affirmatively only for leniency as to the period of confinement and accessory penalties. There is, however, a vast difference between a passive acceptance of the force of adverse facts and a positive declaration that a punitive discharge is appropriate, especially when the accused has personally pleaded that he be retained in the service. The law officer should have stopped defense counsel as soon as the implications of his argument became apparent and, out of the presence of the court members, should have cautioned him as to their effect. United States v Lewis, 16 USCMA 145, 36 CMR 301.

With commendable frankness, the Government concedes the impropriety of trial defense counsel's argument, but it contends that the board of review purged the "detrimental" effect by its reassessment of the sentence. The reassessment was, however, limited to the confinement. The influence of the argument plainly extended to the punitive discharge. See United States v Fowle, 7 USCMA 349, 22 CMR 139. Consequently, reassessment of the confinement part of the sentence did not expunge all the harm resulting from the argument. United States v Goodman, 12 USCMA 25, 30 CMR 25.

The decision of the board of review as to the sentence is set aside. The record of trial is returned to the Judge Advocate General of the Navy for resubmission to the board of review. In its discretion, the board of review may affirm an appropriate sentence which does not include a bad-conduct discharge, or it may order a rehearing of the entire sentence.

Judges FERGUSON and KILDAY concur.