UNITED STATES, Appellee

v

CHARLES B. RICHARDSON, Private,
U. S. Army, Appellant

18 USCMA 52, 39 CMR 52

*Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker,* and *Major David J. Passamaneck* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel David Rarick, Major Edwin P. Wasinger,* and *Captain Warren W. Kaufman* were on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

On a plea of guilty made without previous agreement with the convening authority, the accused was convicted by a general court-martial in Germany of an unauthorized absence of nearly eleven months. He was sentenced to a bad-conduct discharge, confinement at hard labor for one year, and accessory penalties. In this Court, the accused contends he was prejudiced as to the sentence by remarks of his counsel to the effect that "probably the army would be better off without" him and that an "appropriate and just sentence" could include a bad-conduct discharge.

The record contains no indication that the accused was desirous of a punitive discharge. Cf. United States v Blunk, 17 USCMA 158, 37 CMR 422. On the contrary, several circumstances tend to indicate that the accused did not want to be separated from the service with that type of discharge. He is twenty-nine years of age and has had four years of service. As defense counsel observed to the court members, exhibits admitted in evidence demonstrated that, prior to his entry into the service, he "led a rough life." Apparently, the accused had reenlisted because of a lack of job opportunities in the civilian community for one with "his qualifications." On his return to military control, he was "cooperative throughout" the investigation into the offense.

In a number of cases we have pointed out that there is a vast difference between defense counsel's "passive acceptance of the force of adverse facts and a positive declaration [by him] that a punitive discharge is appropriate." United States v Mitchell, 16 USCMA 302, 304, 36 CMR 458; United States v Mella, 17 USCMA 122, 37 CMR 386. In our opinion, defense counsel in this case conceded too much, to the accused's prejudice. His concession requires reversal of the sentence.

The decision of the board of review as to the sentence is reversed, and the record of trial is returned to the Judge Advocate General for resubmission to the board of review. In its discretion, the board of review may assess another sentence which does not include a punitive discharge, or direct a rehearing of the sentence before a court-martial.

Judge DARDEN did not participate in the decision in this case.