UNITED STATES, Appellee

v

FLORENTINO A. GARCIA, Private, U. S. Marine Corps, Appellant

18 USCMA 75, 39 CMR 75

No. 21,541

December 20, 1968

*Captain Frank A. Nelson*, JAGC, USN, was on the pleadings for Appellant, Accused.

*Captain William S. Foss*, USMCR, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

On his plea of guilty, the accused was convicted by a special court-martial, convened at Marine Corps Air Station, Cherry Point, North Carolina, of two specifications of unauthorized absence and a breach of restriction, in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 USC §§ 886 and 934, respectively.[1] Although there was no affirmative indication that the accused was so desirous of separation from the service as to be satisfied with a punitive discharge, his defense counsel informed the court-martial that the accused's conduct "in the last year does warrant a BCD."

On review, the convening authority recognized the impropriety of argument by defense counsel for a punitive discharge where the accused desires the opportunity to return to duty (United States v Mella, 17 USCMA 122, 37 CMR 386; United States v Mitchell, 16 USCMA 302, 36 CMR 458), but he was of the opinion that "[n]o . . . evidence was present" to indicate this accused wanted to remain in the service. Nevertheless, the convening authority "felt that the error in this case can be cured by a reassessment of the sentence." Accordingly, he modified the sentence by reducing the period of confinement and forfeiture of pay from six months, the period adjudged by the court-martial, to three months, but he left intact the bad-conduct discharge. A board of review affirmed his action, noting that if error was committed it did "not go to the discharge." We disagree.

First, if defense counsel improperly argued against the accused's interest, the error directly and specifically extended to the bad-conduct discharge

---

[1] The breach of restriction and the second absence were concurrent. Consequently, although separately charged, the former offense was not separately punishable from the latter. United States v Modesett, 9 USCMA 152, 25 CMR 414.

so that "reassessment of the confinement part of the sentence did not expunge all the harm resulting from the argument." United States v Mitchell, supra, at page 304. Secondly, assuming the rationale of the *Mella* and *Mitchell* cases is subject to the limitation conceived by the convening authority, there is ample evidence to indicate that the accused did, in fact, desire to remain in the Marine Corps to complete his term of enlistment.

The accused testified he had served in Vietnam and there suffered shrapnel wounds caused by enemy mortar fire, which had required hospitalization for eighty days. He also testified that on assignment to the Air Station at Cherry Point he was the only private in his company. He resolved to try to make "rank," but his efforts to obtain promotion to private first class were frustrated by casual assignments to tasks unrelated to his MOS (Military Occupational Specialty) as a driver. Having only an eighth grade education and low scores on the service verbal, arithmetic reasoning, and pattern analysis tests, he, eventually, became "confused" and found himself getting "chewed out" for doing things "somebody else told . . . [him] to do." A "sort of giving up" resulted. His attitude toward the Marine Corps underwent a change, and he committed the unauthorized absences. Although not asked directly about his interest in remaining in the Corps, the fair inference from the accused's testimony is that he had concluded he had been wrong in responding as he did to the real or fancied grievances he suffered, and that he wished the opportunity to do what he was capable of doing in the Corps. This view was expressly urged by defense counsel at the accused's first trial, which had been nullified because one of the members of the court had been ineligible to sit. Defense counsel, who was different from the one at the rehearing, contended at the first trial that the accused had not had the guidance and counseling "that a man should get in the Marine Corps today"; he argued that "considering . . . [the accused] has atoned for his past offenses, and . . . has been in the Station Brig . . . [for a substantial time], it would seem . . . he has suffered . . . for what he has done and is now interested in one fact and that is to complete his tour in the Marine Corps and get his discharge." Defense counsel at the rehearing obviously entertained a different personal opinion as to whether the accused deserved to be eliminated from the Corps with a bad-conduct discharge because of his misconduct. As we read the accused's testimony at this trial, however, he did not share that opinion; and, more importantly, he did not say, or in any way imply, that he wanted a punitive discharge. The accused's testimony convinces us that defense counsel "conceded too much, to the accused's prejudice." United States v Richardson, 18 US CMA 52, 39 CMR 52.

The decision of the board of review as to the sentence is reversed, and the record of trial is returned to the Judge Advocate General of the Navy for submission to the board of review. In its discretion, the board of review may assess another sentence which does not include a punitive discharge, or direct a rehearing of the sentence before a court-martial.