UNITED STATES, Appellee

v

LEE E. COOK, Private, U. S. Army, Appellant

18 USCMA 159, 39 CMR 159

No. 21,776

March 7, 1969

*Colonel Daniel T. Ghent, Major James M. Yelton, Jr.,* and *Captain Robert A. Savill* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel David Rarick, Major William A. Pope, II,* and *Captain Robert M. Steinbach* were on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Appellant, who was not yet twenty years of age at the time of trial, was found guilty of a number of offenses involving disobedience of, and disrespect to, commissioned and noncommissioned officers and assault. All the offenses were committed at the Red Fox Enlisted Men's Club in Warner Barracks, Bamberg, Germany, while the accused was "pretty intoxicated." He had no previous civilian or military convictions and had never received administrative punishment under the provisions of Article 15, Uniform Code of Military Justice, 10 USC § 815. Through his counsel, he informed the court-martial that he was " 'very sorry . . . [he] lost . . . [his] head' " and " ' meant no harm.' " In arguing on the sentence, defense counsel called attention to the accused's "unblemished" record during two years of service. He also reviewed the circumstances under which the offenses were committed and indicated that at least three of the more serious delicts would not have occurred had a young officer exercised the same discretion and judgment exhibited by a more experienced officer on the scene. See United States v Cave, 17 USCMA 153, 37 CMR 417. Yet, he concluded his argument as follows: "I won't argue, if you gentle-men feel he is not fit for the service, but what I am saying, [is that] a lengthy period of confinement will serve no useful purpose."

In our opinion, defense counsel's remark was tantamount to a concession that a punitive discharge was an appropriate punishment. It was, therefore, directly contrary to the import of the accused's statement and mitigating evidence. While the maximum sentence for all the offenses was substantial, the court-martial could reasonably have concluded that the incident was " 'just one long transaction' " which did not warrant the enduring stigma of a punitive discharge. United States v Cave, supra, at page 156. We conclude, therefore, that counsel's concession deprived the accused of effective assistance of counsel in regard to the sentence. United States v Garcia, 18 USCMA 75, 39 CMR 75; United States v Mitchell, 16 USCMA 302, 36 CMR 458.

The decision of the board of review as to the sentence is reversed, and the record of trial is returned to the Judge Advocate General of the Army for submission to the board of review. In its discretion, the board of review may assess another sentence which does not include a punitive discharge or direct a rehearing of the sentence before a court-martial.