UNITED STATES, Appellee

v

LOUIS R. SCHWARTZ, Private,
U. S. Army, Appellant

19 USCMA 431, 42 CMR 33

*Colonel Daniel T. Ghent* and *Captain Monte Engler* were on the pleadings for Appellant, Accused.

*Major Edwin P. Wasinger* was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

In part, the accused was convicted of a battery upon a stockade guard and attempted escape from confinement. At the trial, which was before a military judge, the two offenses were regarded as separately punishable. However, the circumstances of the commission of the offenses indicate they were so united in purpose and execution as to be "multiplicious for punishment." United States v Pearson, 19 USCMA 379, 381, 41 CMR 379 (1970).

In his sentence argument, defense counsel contended that the circumstances should "prompt" the judge to "separate . . . [the accused] from the service as soon as possible." There is no indication anywhere in the record that accused wanted defense counsel to argue for a punitive discharge as an acceptable lesser form of punishment. See United States v Weatherford, 19 USCMA 424, 42 CMR 26 (1970). To the contrary, there is substantial evidence that he desired to remain in the service. Thus, he pleaded not guilty to a charge of desertion, and he testified that when he absented himself he intended to remain away for a time and then "turn . . . [himself] in"; on cross-examination by trial counsel, he insisted that in escaping from the stockade he was not "really trying to get away from the Army." He also testified that he had previously applied for a "rehabilitation program"; at that time he told a Lieutenant Nolan that he "wanted to go back to duty," and that he "didn't want the discharge," which he had heard "they put . . . [him] in for." It compellingly appears, therefore, that defense counsel's argument was improper. Since the military judge did not stop the argument, or otherwise indicate that he would not take it into account in imposing sentence, there is more than a fair risk that he was influenced by it in adjudging a dishonorable discharge as part of the punishment. United States v Garcia, 18 USCMA 5, 39 CMR 5 (1968); United States v Mitchell, 16 USCMA 302, 36 CMR 458 (1966).

The decision of the United States Army Court of Military Review as to the sentence is reversed. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review. In its discretion, it may reassess the sentence, without a punitive discharge and with regard to the multiplicious nature of Charges I and II, or it may order a rehearing on the sentence.