UNITED STATES, Appellee,

v.

William T. WEBB, Private, U. S. Army, Appellant.

No. 32,253.

CM 433994.

U. S. Court of Military Appeals.

Oct. 10, 1978.

Appearances: For Appellant—*Colonel Robert B. Clarke* (on brief); *Colonel Alton B. Harvey* (on petition); *Lieutenant Colonel John R. Thornock* (on brief); *Captain Jay Sacks Cohen* (on brief); *Captain Buren R. Shields III* (on brief); *Captain John R. Osgood* (on petition); *Captain Charles F. Schmit.*

For Appellee—*Colonel Thomas H. Davis* (on brief); *Lieutenant Colonel Donald W. Hansen* (on petition); *Major John T. Sherwood, Jr.* (on brief); *Captain Lee D. Schinasi* (on brief); *Captain Jack M. Hartman* (on brief).

Opinion of the Court

PER CURIAM:

Following the appellant's conviction of possession and sale of lysergic acid diethylamide (LSD)[1], his sentence was approved by the convening authority only to include a dishonorable discharge, one year's confine-

---

1. Appellant was found guilty, according to his pleas, of one specification of possession of LSD and two specifications of sale, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.

ment at hard labor, total forfeitures, and a reduction to the lowest pay grade. The findings and sentence were affirmed by the United States Army Court of Military Review, limiting the forfeiture to twelve months. We, ultimately,[2] granted two issues for consideration in this case.

■ The supplemental issue asks whether appellant's plea of guilty was improvident because of a substantial misapprehension of the maximum imposable sentence to confinement for two specifications of sale and one of possession of LSD charged under Article 92, Uniform Code of Military Justice. At first blush, this charge so laid appears to be a substantial misapprehension of the maximum punishment imposable under *United States v. Harden*, 1 M.J. 258 (C.M.A.1976), and a denial of equal protection under the Fifth Amendment of the United States Constitution. *United States v. Courtney*, 1 M.J. 438, 441 n.10 (C.M.A. 1976). However, this Court has determined that the more equitable course of action is prospective application of the *Courtney* decision to cases tried or retried after its date of decision. *United States v. Jackson*, 3 M.J. 101 (C.M.A.1977). As the instant court-martial is antecedent to *Courtney*, we find the supplemental issue without merit.

We turn, then, to the issue of prejudice to the appellant in that the trial defense counsel argued for a suspended discharge. At the time of this argument, the law was that a sentence award of suspension under Articles 71 and 74, UCMJ, 10 U.S.C. §§ 871 and 874, was beyond the military judge's power.[3] The appellant argues that this being

the case, a request for a suspended discharge was tantamount to a concession of a sentence to punitive discharge. We agree.

As "[d]efense counsel cannot ask the court-martial to impose a punitive discharge when the express or implied desire of the accused is to the contrary,"[4] *United States v. Weatherford*, 19 U.S.C.M.A. 424, 425, 42 C.M.R. 26, 27 (1970), we must examine the record for a determination of the appellant's desire in light of his legal advocate's concession. In addressing the sentence authority, we see an explicit desire on accused's part to be retained in the service, notwithstanding his expressed mistaken understanding of the military judge's power to issue a suspended discharge.

A: Well I've liked the Army, I've been in the same battalion for about or for over two years. I had some personal problems and before I was arrested I got a couple of Article 15's and I still believe I have some pride in myself and the unit and whatever the sentence is I'm going to try to do my time and see if I can soldier my way back in the Army in any way possible.

Q: So you are saying you would like a second chance? What do you think you could do if you were given another chance?

A: Well, I have to prove myself again, I know I have to—I know I'll get a sentence and I'm prepared for that. I just hope that I can get back in the Army and prove myself.

---

2. Appellant's initial petition was granted without briefs by this Court on 10 June 1976. Upon further consideration, an order was issued on 29 October 1976, requiring briefs on the granted issue under former Rule 43. On 22 November 1976, appellant entered a motion for leave to file a supplemental assignment of error. By order of the Court dated 10 December 1976, appellant's motion was granted and the Government was given until 27 December 1976 in which to file a reply brief on the supplemental error in accordance with former Rule 40(b). On 21 January 1977, this Court granted appellant's supplemental assignment of error, requiring briefs under former Rule 43.

3. *United States v. Marshall*, 2 U.S.C.M.A. 342, 8 C.M.R. 142 (1953); *accord, United States v. Samuels*, 10 U.S.C.M.A. 206, 27 C.M.R. 280 (1959); *United States v. Kaylor*, 10 U.S.C.M.A. 139, 27 C.M.R. 213 (1959). The Court has reaffirmed that view. *United States v. Williams*, 2 M.J. 74 (C.M.A.1976); *United States v. Occhi*, 2 M.J. 60 (C.M.A.1976).

4. *Cf. United States v. Holcomb*, 20 U.S.C.M.A. 309, 43 C.M.R. 149 (1971); *United States v. Richardson*, 18 U.S.C.M.A. 52, 39 C.M.R. 52 (1968); *United States v. Mella*, 17 U.S.C.M.A. 122, 37 C.M.R. 386 (1967).

Q: What is your feeling of a punitive discharge as opposed to a suspended discharge?

A: Well, as far as a discharge I don't know what how it works, but as I understand it you have to pull in some time after it's reviewed by Washington or something like that and if they still feel that you are able to soldier and you want to come back in the service there is a possibility that the man could come back in.

Q: Is that the way you understand a suspended discharge would be?

A: Yes.

Q: Would you like a suspended discharge?

A: Yes, sir, I have about six months before I ETS and I'd like to go ahead and get back in the Army and finish my time and get better than a dishonorable discharge.

█ As there is substantial evidence in the record that appellant desired to remain in the service and the military judge did not indicate that he would not take the defense argument into account in determining the sentence, there is a fair risk that the improper argument influenced him. *United States v. Schwartz*, 19 U.S.C.M.A. 431, 42 C.M.R. 33 (1970).

The decision of the United States Army Court of Military Review is reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review. It may reassess the sentence without a punitive discharge or order a rehearing on sentence.

COOK, Judge (dissenting):

About the time the case was tried, this Court had invited military judges to explore the limits of their authority, and as evidenced by our need to reconsider the matter in *United States v. Occhi*, 2 M.J. 60 (C.M.A. 1976), it was widely thought that the military judge could suspend a sentence imposed at trial. *Occhi* established the belief was mistaken, but that did not turn defense counsel's plea for a suspended sentence into a request for a sentence contrary to that acceptable to the accused. At trial, the accused admitted that he would "like a suspended discharge." I would, therefore, affirm the decision of the Court of Military Review.