**UNITED STATES**

v.

**Airman First Class William MOSLEY, FR 261–39–1011 United States Air Force.**

**ACM 22848.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 May 1980.

Decided 9 Jan. 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Major Wade B. Morrison and Captain Luis E. Rivera, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Bruce R. Houston.

Before EARLY, KASTL and MILLER, Appellate Military Judges.

DECISION

PER CURIAM:

In his sole assignment of error, appellant argues that the military judge erred by allowing the trial defense counsel to argue for a punitive discharge without ensuring on the record that the accused specifically concurred in such argument. Disagreeing, we affirm.

Tried by a military judge sitting alone, the accused was found guilty of various offenses under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was correctly advised of his rights in allocution. Subsequently, the defense counsel indicated that the accused "has concluded that a bad conduct discharge would be appropriate in this case ... if he were to receive a bad conduct discharge he would be able to put his life together and start it anew...." The judge advised the accused of the stigma of a punitive discharge and then recessed for ten minutes, explaining:

> ... prior to entertaining argument in this case, I am going to recess once again for ten minutes and I want you to discuss this matter again with your counsel prior to final argument in the case and see if you want to persist with that.

Thereupon, after the court opened, defense counsel stated in the course of his argument that the accused "is asking today that you give him a bad conduct discharge...." The accused was not personally questioned as to his desires by the military judge.

After carefully reading the record, we are convinced that there is no doubt the accused concurred in his counsel's argument for a bad conduct discharge. It is unnecessary that the record expressly reflect the accused's personal responses. *United States v. Weatherford*, 19 U.S.C.M.A. 424, 42 C.M.R. 26 (1970); *United States v. Schwartz*, 19 U.S.C.M.A. 431, 42 C.M.R. 33 (1970); *United States v. Freeland*, 19 U.S.C.M.A. 455, 42 C.M.R. 57 (1970); *United States v. Cox*, 46 C.M.R. 833 (A.C.M.R.1972).

See also *United States v. Willis*, 7 M.J. 827, 831 (C.G.C.M.R.1979).*

The findings of guilty and the sentence are

Affirmed.

---

* It is preferable for the military judge to ascertain directly from the lips of the accused whether the request is made of his own volition and with full knowledge of the consequences. See Air Force Manual 111–1, paragraph 4–32, (C.1) 25 August 1975; *United States v. Worrell*, 3 M.J. 817, 823–824, n. 8; *United States v. Houston*, 50 C.M.R. 741 (A.C.M.R.1975); Moyer, *Justice and the Military*, Section 2–662 (1972).