UNITED STATES

v.

Ronnie J. GARCIA, 558 25 0159, Lance Corporal (E–3), U. S. Marine Corps.

NMCM 79 1913.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 15 June 1979.

Decided 30 Nov. 1981.

LCDR Kerry T. Davidson, JAGC, USN, Appellate Defense Counsel.

MAJ John P. Hertel, USMC, Appellate Government Counsel.

Before BAUM, ABERNATHY and KERCHEVAL, JJ.

KERCHEVAL, Judge:

Appellant was tried at general court-martial proceedings on 25 May and 1, 11, 12, 14 and 15 June 1979. In accordance with his pleas, he was found guilty of one specification of larceny in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921. He was sentenced to a dishonorable discharge, confinement at hard labor for 18 months, total forfeitures of all pay and allowances for 18 months, and reduction to pay grade E–1. In accordance with the pre-trial agreement, the convening authority reduced the confinement to 8 months, the forfeitures to $400.00 per month for 18 months and the dishonorable discharge to a bad-conduct discharge; he approved the reduction to pay grade E–1.

Appellant has assigned the following five errors for our consideration:

I

THE APPELLANT WAS PREJUDICED AS TO SENTENCE BY THE REMARKS MADE BY HIS COUNSEL DURING ARGUMENT ON SENTENCING (R. 507, 508, 510, 608). *United States v. Richardson*, 18 U.S.M.C.A. 52, 39 C.M.R. 52 (1968); *United States v. Garcia*, 18 U.S.C. M.A. 75, 39 C.M.R. 75 (1968); *United States v. Mitchell*, 16 U.S.C.M.A. 302, 36 C.M.R. 458 (1966).

II

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY DENYING THE DEFENSE MOTION TO DISMISS DUE TO THE GOVERNMENT'S FAILURE TO JOIN THE CHARGE WITH THOSE CHARGES TRIED ON 29 NOVEMBER 1978 BY GENERAL COURT–MARTIAL. Paragraph 31g, *Manual for Courts-Martial, 1969 (Revised); United States v. Romero*, N.C.M. 77 1014 (N.C.M.R. 17 October 1977); *United States v. Taylor*, 28 C.M.R. 752 (A.F.B.R.1959).

## III

THE MILITARY JUDGE ERRED BY FAILING TO INSTRUCT THE MEMBERS *SUA SPONTE* CONCERNING THE EVIDENCE OF MISCONDUCT NOT CHARGED. *United States v. Gewin*, 14 U.S.C.M.A. 224, 34 C.M.R. 4 (1963); *United States v. Turner*, 16 U.S.C.M.A. 80, 36 C.M.R. 236 (1966); *United States v. Pendergrass*, 17 U.S.C.M.A. 391, 38 C.M.R. 189 (1968); *United States v. Back*, 13 U.S.C.M.A. 568, 33 C.M.R. 100 (1963); *United States v. Bryant*, 12 U.S.C.M.A. 111, 30 C.M.R. 111 (1961); *United States v. Ompad*, 15 U.S.C.M.A. 593, 36 C.M.R. 91 (1966); *United States v. Crusoe*, 3 U.S.C.M.A. 793, 14 C.M.R. 211 (1954).

## IV

THE APPELLANT WAS IMPROPERLY DENIED THE REPRESENTATION OF CAPTAIN NYE AS DEFENSE COUNSEL. *United States v. Eason*, 21 U.S.C.M.A. 335, 45 C.M.R. 109 (1972); *United States v. Roman*, 2 M.J. 1189 (N.C.M.R. 1976); *United States v. Murray*, 20 U.S.C.M.A. 61, 42 C.M.R. 253 (1970); *United States v. Tellier*, 13 U.S.C.M.A. 323, 32 C.M.R. 323 (1962); *United States v. Economu*, 2 M.J. 531 (A.C.M.R.1976); *United States v. Maslinski*, 51 C.M.R. 350, 2 M.J. 399 (A.C.M.R.1975); *United States v. Burke*, 4 M.J. 530 (N.C.M.R.1977); *United States v. Catt*, 50 C.M.R. 326, 1 M.J. 41 (C.M.A.1975); *United States v. Andrews*, 21 U.S.C.M.A. 165, 44 C.M.R. 219 (1972); *United States v. Williams*, 18 U.S.C.M.A. 518, 40 C.M.R. 230 (1969); Article 38*b*, Uniform Code of Military Justice.

## V

THE APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL

## I

The record of trial reveals that appellant's defense counsel, during argument on sentencing, made the following remarks as to the appropriateness of a punitive discharge for his client:

What, then, should you do? I'm going to say what I think is fair. I submit to you that Ronnie Garcia has earned himself a discharge from the Marine Corps. I submit to you that what he did cannot be tolerated in the Marine Corps....

(R. 608). Appellant asserts that he was prejudiced by this statement and asks that we set aside the sentence imposed. We find that this assertion has no merit.

■ Defense counsel cannot argue for a punitive discharge if the accused expresses or implies a desire to remain in the service. *United States v. Webb*, 5 M.J. 406 (C.M.A. 1978); *United States v. Weatherford*, 19 U.S.C.M.A. 424, 42 C.M.R. 26 (1970). The Court of Military Appeals has held in several cases that defense counsel could not argue for a punitive discharge; but in each case the Court found that either the accused expressed a desire to remain in the service or the circumstances surrounding the case indicated a desire not to be discharged. *See, e. g., United States v. Garcia*, 18 U.S.C.M.A. 75, 39 C.M.R. 75 (1968); *United States v. Richardson*, 18 U.S.C.M.A. 52, 39 C.M.R. 52 (1968); *United States v. Mitchell*, 16 U.S.C.M.A. 302, 36 C.M.R. 458 (1966). The Court of Military Appeals, however, has also recognized that in certain cases it may be good strategy and in the accused's best interest for defense counsel to argue for a punitive discharge, as in a situation in which the accused had a record of unauthorized absences, was not accommodating himself to service life, and desired the discharge. *Weatherford, supra.* The Court also approved argument for a punitive discharge when the accused had accumulated money to go into business, obtained civilian employment, and testified that he would absent himself again if returned to duty. *United States v. Richard*, 21 U.S. C.M.A. 227, 44 C.M.R. 281 (1972).

■ In the case *sub judice* we must examine the record of trial to determine whether defense counsel's argument for a punitive discharge was in fact contrary to appellant's desire and not in his best interest. *Webb* at 407. The record does not expressly indicate whether or not appellant

desired a punitive discharge. It does reflect, however, that appellant wanted to be home with his wife and baby rather than return to duty. Moreover, appellant acknowledged in an unsworn statement that his career in the Marine Corps was over. While he also said he would be sorry forever that he did not receive an honorable discharge, he gave no indication of a desire for the court to refrain from imposing such a punishment. In fact, his mother's testimony indicated just to the contrary; that if the court would see fit to release appellant, so that he could return to his wife and baby and make a home for them, she believed a sentence which included five months confinement would be enough for appellant to learn his lesson. Clearly, the thrust of appellant's statement, his mother's testimony and his counsel's argument were all in accord, namely, to get appellant out of the Marine Corps and home to his family as soon as possible with confinement limited to no more than five months. Under the circumstances, we find that defense counsel's argument expressed his client's desires and was a strategy designed in accordance with his best interests.

## II

Appellant alleges that the convening authority abused his discretion by failing to join the present Charge with charges tried by general court-martial on 29 November 1978. This assignment of error is also without merit.

Paragraph 30g, *Manual for Courts-Martial 1969 (Rev.)* (MCM), provides:

Subject to jurisdictional limitations and at the discretion of the convening authority, charges against an accused, if tried at all, ordinarily should be tried at a single trial by the lowest court that has the power to adjudge an appropriate and adequate punishment.

■■■ Where the strict application of this procedure would produce an unreasonable result it must give way to separate trials. In the instant case, while the larceny offense was committed a little over a month before the first general court-martial and, seven days before that trial, appellant requested joinder of the larceny offense, the reasons for the convening authority's decision to refer the offenses to two separate trials is clear on the record. The officer exercising special court-martial jurisdiction over appellant candidly testified that he was not officially notified of the appellant's involvement in the instant larceny offense until he received the Naval Investigative Service preliminary investigation report in December, three weeks *after* the first general court-martial. Additionally, he testified that even at that date he did not have sufficient evidence to prefer larceny charges against the appellant. (R. 206, 208, 220). It was not until sometime in January 1979 that he obtained such information. He preferred charges 23 January 1979.

At trial, the defense suggested that the first general court-martial should have been delayed until some indefinite time in the future in order to try all known or suspected charges at one trial. However, the appellant was suffering pretrial confinement for the earlier general court-martial and thus the Government had an obligation to afford the appellant a speedy trial on *those* charges. The Government was caught— through no fault of its own—between prejudicing the appellant by delaying indefinitely the first trial and proceeding on the larceny charge before all reasonable steps were taken to investigate the offense.

■■■ The convening authority did not abuse his discretion. By not joining the charges, he prevented the denial of appellant's speedy trial rights on the earlier charges. The provisions of Paragraph 30g, MCM, must yield when in conflict with appellant's right to a speedy trial. *United States v. Ward*, 23 U.S.C.M.A. 391, 50 C.M.R. 273 (1975). Any prejudice suffered by appellant in having been subjected to two courts-martial is more than offset by the prejudice that would have been caused by a denial of his speedy trial rights. Therefore, there is no evidence of improper motive or abuse of discretion by the convening authority.

### III

■ Appellant contends in his third assignment of error that the military judge erred in failing to *sua sponte* instruct the members before sentencing concerning evidence of misconduct not charged. It is appellant's position that failure to give this instruction is prejudicial error. We disagree. For sentencing purposes, paragraph 76a(2), MCM, provides that the members may consider misconduct not charged, eliminating the need for *sua sponte* limiting instructions. *United States v. Mallard*, 19 U.S.C.M.A. 457, 42 C.M.R. 59 (1970); *United States v. Worley*, 19 U.S.C.M.A. 444, 42 C.M.R. 46 (1970); *United States v. Billups*, No. 77 1681 (N.C.M.R. 16 February 1978); *United States v. Miller*, No. 77 1214 (N.C.M.R. 26 October 1977).

### IV

■ Appellant asserts as his fourth assignment of error that the military judge improperly denied his request to have Captain Nye substituted for Captain Ingold as his detailed defense counsel. We find this assignment of error to be without merit. No attorney-client relationship between Captain Nye and appellant had been established. Captain Ingold had represented appellant for more than three months prior to trial, and although Captain Nye had represented appellant at a prior general court-martial, he did so on unrelated charges and had no unique knowledge of the facts of this case. Even if an attorney-client relationship had been established, it would have been severed for good cause in that Captain Nye went on terminal leave five days after appellant's trial commenced. In addition, appellant made no request for Captain Nye's representation prior to trial and stated in court that he wished to be represented by individual civilian counsel and Captain Ingold.

### V

■ Appellant's final assignment of error is that he was denied a speedy trial. This assignment is rejected because we find that those delays not requested by appellant were neither oppressive nor unreasonable.

The findings and sentence as approved on review below are affirmed.

Senior Judge BAUM and Judge ABERNATHY concur.