**UNITED STATES**

v.

**Staff Sergeant Robert J. BOYCE, FR 153–40–4450, United States Air Force.**

**ACM 23270.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 June 1981.

Decided 19 Feb. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Bruce R. Houston.

Before MILES, Senior Judge, and KASTL and RAICHLE, Appellate Military Judges.

---

* *United States v. Care*, 18 U.S.C.M.A. 535, 40   C.M.R. 247 (C.M.R.1969).

## DECISION

MILES, Senior Judge:

Appellate defense counsel assert that the accused was denied the effective assistance of counsel because his civilian counsel conceded the appropriateness of a punitive discharge. We disagree and affirm.

Despite his pleas, the accused was convicted by general court-martial of two marijuana transfers and two introductions of marijuana onto a military base, violations of Article 134 of the Uniform Code of Military Justice. The approved sentence extends to a bad conduct discharge, confinement at hard labor for one year and reduction to airman basic.

During sentencing, the accused testified under oath:

> I accept your finding of guilt. My responsibilities to my family and to my wife's family are very great. I would just like to be with them and care for them. *I realize my career with the Air Force is over,* but I do have other attributes that I had before coming into the service and I would like to pursue them along with an education and just try to build a better life. [Emphasis added.]

In his final argument on sentencing, the accused's civilian defense counsel argued:

> Gentlemen, *there's no question in anybody's mind that a senior NCO with this many years in is going to be discharged by you.* I don't think anybody will argue that based on your findings, this is not the type of individual that you feel is appropriate to have in the service. [Emphasis added.]

Thereafter, the civilian counsel commented at length on the total negative effects of a punitive discharge and argued that, under the circumstances, confinement should be minimized to a few months at most.

Because of the civilian counsel's concession, appellate defense counsel contend that accused was denied the effective assistance of counsel.[1] In support, they argue that the accused did not really seek a punitive discharge because he told the clemency officer, after trial, that he hoped the bad conduct discharge would not be approved.

■ After review of the entire record, we disagree. We conclude that the accused received the effective assistance of counsel at all times[2] although his counsel conceded a bad conduct discharge was appropriate. After a hotly contested trial and despite accused's sworn protestations of innocence, the court-martial did not believe the accused and found he twice transferred marijuana to a junior enlisted airman and also brought marijuana onto the base to transfer.[3] After findings, the accused and his counsel then clearly elected to concede the inevitable—a bad conduct discharge—in an effort to minimize confinement.[4]

---

1. The United States Court of Military Appeals has long recognized the many long term adverse consequences of a punitive discharge. *United States v. Weatherford,* 19 U.S.C.M.A. 424, 42 C.M.R. 26 (1970). In *United States v. Holcomb,* 20 U.S.C.M.A. 309, 43 C.M.R. 149, 150, that Court stated:

   > Unless the record leaves no doubt that an accused desires to be discharged punitively, the trial defense counsel may not concede to the court the appropriateness of such a discharge. Even if an accused desires a punitive discharge, we believe his defense counsel has an obligation to caution him of the serious and lasting consequences and to try to dissuade him from this course of action. [Citations omitted].

   *Accord: United States v. Schwartz,* 19 U.S.C. M.A. 431, 42 C.M.R. 33 (1970); *United States v. Richardson,* 18 U.S.C.M.A. 52, 39 C.M.R. 52 (1968).

2. *See United States v. Rivas,* 3 M.J. 282 (C.M. A.1977).

3. The government's case rested on the testimony of an informant with strong corroboration from two Air Force Office of Special Investigations (OSI) agents. One OSI agent witnessed one transfer; the other witnessed a separate transfer of money; and both corroborated the informant's testimony in other particulars. Under oath, the accused denied the offenses and asserted he had never met the OSI agent who witnessed one transfer at the accused's home. The accused's wife also denied ever meeting that agent. The case on findings centered around the credibility of the witnesses.

4. Accused's counsel should have disclosed, in a separate Article 39(a) session, his intention to concede the appropriateness of a bad conduct discharge. *See,* Air Force Manual 111-1, Mili-

Under the circumstances, counsel's argument constituted a plea for leniency and was in the best interests of the accused. *See United States v. Richard,* 21 U.S.C.M.A. 227, 44 C.M.R. 281 (1972); *United States v. Drake,* 21 U.S.C.M.A. 226, 44 C.M.R. 280 (1970); *Accord: United States v. Weatherford,* 19 U.S.C.M.A. 424, 42 C.M.R. 26 (1970). Counsel must be allowed a degree of discretion in assessing the kind of sentence that would best serve the special interests and needs of the accused. *United States v. Harmash,* 48 C.M.R. 809 (A.C.M.R.1974). Of equal significance, the argument, made in the presence of the accused and following his sworn statement, was consistent with the accused's stated desire to get on with his life as a civilian. *United States v. Garcia,* 12 M.J. 703 (N.M.C.M.R.1981); *United States v. Ford,* 12 M.J. 636 (N.M.C.M.R. 1981); *United States v. Worrell,* 3 M.J. 817, 823 (A.F.C.M.R.1977); *United States v. Houston,* 50 C.M.R. 741 (A.C.M.R.1975), *pet. denied,* 50 C.M.R. 904 (C.M.A.1975).

The remaining issues are resolved adversely to the accused. The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

KASTL and RAICHLE, Judges, concur.

tary Justice Guide, paragraph 4–32, 2 July 1973, Change 1 (25 August 1975). When neither the accused's civilian or military counsel did so, the military judge should have, *sua sponte,* held an Article 39(a), 10 U.S.C.A. § 839(a) session to consider that question. *See United States v. Holcomb, supra* note 1. The record would then more fully demonstrate the accused's consent to the argument and his full understanding of the consequences of a punitive discharge. *See United States v. Worrell,* 3

M.J. 817, 823 at footnote 8 (A.F.C.M.R.1977). However, such a session is not absolutely required as long as the accused has not otherwise expressed or implied a desire to remain in the service. *See United States v. Garcia,* 12 M.J. 703, 705 (N.M.C.M.R.1981); *United States v. Mosley,* 11 M.J. 729 (A.F.C.M.R.1981), *pet. denied,* 11 M.J. 285 (C.M.A.1981); *United States v. Cox,* 46 C.M.R. 833 (A.C.M.R.1972). *Accord: United States v. Webb,* 5 M.J. 406 (C.M.A. 1978).