**UNITED STATES**

v.

**Senior Airman Jeffrey G. DOMINSKI,
FR 558–80–4449 United States
Air Force.**

**ACM 23747.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 Nov. 1982.

Decided 5 May 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major George D. Cato.

Before KASTL, RAICHLE and SNYDER, Appellate Military Judges.

---

**DECISION**

KASTL, Senior Judge:

The accused claims that his individual defense counsel argued for a bad conduct discharge and that the military judge erred by failing to explore the accused's desires in the matter.*

We do not find the issue factually raised. To the contrary, we find that while the individual defense counsel's closing argument on sentence discussed available options, it did *not* concede that a punitive discharge was appropriate. Accordingly, we affirm.

During closing argument on sentence, the individual defense counsel stated to the members:

> We argue that the main goal of punishment is rehabilitation. Rehabilitation of the individual. What will we accomplish here today if we cannot at least *try and rehabilitate Airman Dominski? He has an excellent on duty record.* That, of course, does not outweigh, or even balance with what he's done off duty. But you consider it as to his potential for return to society as a useful member, that *he is capable of doing a good job, at least for someone, if you decide that he should not be doing a good job for the military again.*
> Obviously something went wrong. The punishment you decide should be sufficient to insure it doesn't happen again, but not so severe as to break Airman Dominski. You have several aspects of sentencing to consider, and these were mentioned by the trial counsel as well. *The punitive discharge,* the confinement, the forfeitures and the reduction in grade. *All of those things merit separate consideration.* We're just going to talk about two of those—the confinement and the discharge.
>
> \*    \*    \*    \*    \*    \*

---

\* The accused was found guilty, in accordance with his pleas, of eight cocaine-related offenses, in violation of Article 134, UCMJ, 10 U.S.C. § 934. His sentence, as approved, is a dishonorable discharge, confinement at hard labor for three years, total forfeitures and reduction to airman basic. A pretrial agreement specified that the approved sentence would not exceed a dishonorable discharge, confinement at hard labor for five years, total forfeitures of all pay and allowances, and reduction to airman basic.

As to discharge, you have two options, the dishonorable discharge, the bad conduct discharge, *or a third option, not to discharge. But you may well decide that a discharge is appropriate,* that while you may want to return Airman Dominski to society rehabilitated, you don't want to return him to the military society. And that is a decision you may very well come to. When you consider your theory of punishment, and if you do consider rehabilitation to be important, consider what a dishonorable discharge will do to his opportunities once he gets out and has to find a job. We ask you to strongly consider that a bad conduct discharge, while separating him from the Air Force under bad conduct, bad conditions, will possibly make it easier for him to find a job. And that's part of his rehabilitation.

\* \* \* \* \* \*

Now, most of what you've heard during the past few minutes is intended to be a guide, telling you what defense counsel thinks is an appropriate sentence. As trial counsel has conceded, his arguments are his opinions and no one else's, as my arguments, or my suggestions and opinions as to what would be appropriate. You have the final decision. . . . (emphasis added).

Fairly read, this argument—which encompasses "a third option, not to discharge" —does not request a punitive separation. Therefore, this situation is inapposite to cases where the defense concedes the appropriateness of a discharge, triggering a duty in the military judge to inquire into the accused's desires as to that matter. *See United States v. Holcomb,* 20 U.S.C.M.A. 309, 43 C.M.R. 149 (1971) (defense counsel acknowledged the accused "doesn't deserve another chance"); *United States v. Schwartz,* 19 U.S.C.M.A. 431, 42 C.M.R. 33 (1970) (the circumstances, defense conceded, should "prompt" the military judge to separate the accused from the service "as soon as possible"); *United States v. Mitchell,* 16 U.S.C.M.A. 302, 36 C.M.R. 458 (1966) (counsel declared he "would be testing [the members'] endurance" to ask that the accused

not be separated). See also *United States v. Weatherford,* 19 U.S.C.M.A. 424, 42 C.M.R. 26 (1970); *United States v. Boyce,* 12 M.J. 981 (A.F.C.M.R.1982); Air Force Manual 111–1, Military Justice Guide, paragraph 4–32, 2 July 1973, Change 1 (25 August 1975).

Since we do not discern that the argument in the instant case conceded a punitive discharge, we do not reach the Government thesis that tactical sentencing arguments which realistically "yield to the inevitable" and advance reasons for imposing a bad conduct discharge rather than a dishonorable discharge might fall outside the procedures mandated by *Weatherford-Holcomb-Schwartz.*

The appellate defense request for oral argument, dated 11 March 1983, is denied.

The findings of guilty and the sentence are

AFFIRMED.

RAICHLE and SNYDER, Judges, concur.