**UNITED STATES**

v.

**Staff Sergeant Donald R. WEIKEL, FR 178–52–0318 United States Air Force.**

**ACM 25744.**

U.S. Air Force Court of Military Review.

Sentence· Adjudged 18 Sept. 1986.

Decided 13 May 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Charles E. Ambrose.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Lieutenant Colonel Morris A. Tanner, Jr. and Lieutenant Colonel Barret E. Kean, USAFR.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

STEWART, Judge:

Pursuant to his pleas the appellant was found guilty of two specifications of committing indecent acts upon his stepdaughter, who was eight years of age at the times of the acts. The military judge sentenced him to a dishonorable discharge, five years confinement, forfeiture of $426.00 pay per month for five years, and reduction to airman basic. In accordance with a pretrial agreement, the convening authority reduced the durations of the confinement and forfeitures to three years. He also mitigated the discharge to a bad conduct discharge.

Appellant defense counsel now invite our attention to two alleged errors in the sentencing procedure. First, it is claimed that it was improper to admit the "rebuttal" testimony of Air Force Office of Special Investigations Special Agent (SA) Moore. Secondly, it is urged that the military judge's failure to query the appellant as to his wishes after trial defense counsel had conceded the appropriateness of a punitive discharge was error.

Over objection of the defense the military judge allowed prosecution witness, SA Moore, to testify, at the point in the proceedings where prosecution rebuttal was appropriate, that the accused had told her that he had committed the indecent acts upon his stepdaughter approximately thirty times. The second specification alleged that the indecent acts had occurred on divers occasions. Prior to SA Moore's testimony the prosecution had elicited, on cross examination of a defense psychologist, that the appellant had stated that he had committed the acts, in the witness' own words, seven, twenty, or fifteen times.

In making his ruling the military judge stated:

> [SA Moore's testimony] is relevant in terms of the expert's opinion and the basis for that opinion. So, I'm going to permit her to be called both for that and for rebuttal.

We agree with the military judge's analysis insofar as it relates to the defense psychologist's opinion and the basis therefor. In any event SA Moore's testimony was proper aggravation evidence in accordance with Rule for Courts-Martial (R.C.M.) 1001(b)(4). *See United States v. Vickers*, 13 M.J. 403 (C.M.A.1982). Furthermore, the military judge exercises reasonable control over the proceedings, including the order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth. (R.C.M. 801(a)(3) and its Discussion; Mil.R.Evid. 611(a).) Under the circumstances, we conclude that the military judge did not err in permitting SA Moore to testify at the rebuttal point of the sentencing proceedings.

The second alleged error involves a statement made by defense counsel during his argument on the sentence. Toward the end of his presentation he was suggesting what a proper sentence would be in the appellant's case. The prosecution had recommended six years confinement, and defense counsel countered with twenty-four to thirty months. At that point he said:

> I think, Your Honor, without going on further, that a dishonorable discharge or

a BCD, some kind of discharge along those terms, is evident in this case.

Defense counsel concluded his argument very shortly thereafter. At no time did the military judge query the accused whether or not he wanted a dishonorable or bad conduct discharge or whether counsel's argument accurately reflected his views.

■ Defense counsel is an advocate for the accused, not an *amicus* to the court. He is obliged to marshall the evidence in the way most favorable to the accused. In most cases he cannot argue for a severe punishment, nor may he concede the appropriateness of a punitive discharge. It is a matter of effective assistance of counsel. *United States v. Mitchell*, 16 U.S.C.M.A. 302, 36 C.M.R. 458 (C.M.A.1966). *See also, United States v. Mella*, 17 U.S.C.M.A. 122, 37 C.M.R. 386 (C.M.A. 1968); *United States v. Richardson*, 18 U.S.C.M.A. 52, 39 C.M.R. 52 (C.M.A.1968); *United States v. Garcia*, 18 U.S.C.M.A. 75, 39 C.M.R. 75 (C.M.A.1968); *United States v. Holcomb*, 20 U.S.C.M.A. 309, 43 C.M.R. 149 (C.M.A.1971); *United States v. Webb*, 5 M.J. 406 (C.M.A.1978); *United States v. Mosley*, 11 M.J. 729 (A.F.C.M.R.1981); *United States v. McNally*, 16 M.J. 32 (C.M.A.1983). However, if the record makes it clear that the accused desires a punitive discharge, defense counsel may argue for or concede a punitive discharge. *United States v. Weatherford*, 19 U.S.C.M.A. 424, 42 C.M.R. 26 (C.M.A.1970). Accordingly, it has become the practice of military judges to query accused on the record as to their desires and understandings of the consequences of punitive discharges whenever their counsel make statements requesting, or conceding the appropriateness of, punitive discharges for their clients. Indeed, military judges have been admonished to do so by our court and the United States Army Court of Military Review. *United States v. Mosley, supra*, 730, n.; *United States v. Williams*, 21 M.J. 524, 527, n. 7 (A.C.M.R.1985).

■ In the case before us, although the appellant made an unsworn statement in extenuation and mitigation, the record does not reveal the appellant's desires concerning a punitive discharge. Thus, even if he did in fact desire a dishonorable or bad conduct discharge, we cannot apply the *Weatherford* doctrine. Nevertheless, our analysis does not end here, for there are other circumstances where counsel's argument for, or concession of, a punitive discharge is not considered to be inadequate representation.

■ For instance, in a case where "there really [is] no alternative of retention in the service", defense counsel may argue for a punitive discharge in an attempt to gain an otherwise more lenient sentence for his client. *United States v. Volmar*, 15 M.J. 339, 343 (C.M.A.1983). In *Volmar* the accused had been convicted by general court-martial of wrongfully using marijuana, transferring cocaine, and obstructing justice by threatening to do bodily harm to a witness if the latter did not refuse to testify or agree to give false testimony. Furthermore, he had a record of four Article 15s and two letters of reprimand. Defense counsel conceded the accused should be punitively discharged, but argued for a bad conduct, rather than dishonorable, discharge, confinement for one year, and forfeiture of two thirds pay. Trial counsel had previously recommended a dishonorable discharge, two or three years confinement, and total forfeitures. Defense counsel's tactics realized a considerable measure of success, for the sentence was a bad conduct discharge, confinement for one year and six months, and forfeiture of $350.00 pay per month for eighteen months.

We believe the case at bar falls within the philosophy of *Volmar*. The offenses of which the appellant was convicted were heinous and repugnant to common decency. Indecent acts consisting of placing one's mouth on the vaginal area of, and rubbing one's erect penis on the vagina of one's eight year old stepdaughter perhaps as many as thirty times in order to gratify one's sexual desires can hardly be considered otherwise. In our view a dishonorable discharge was inevitable. In this re-

gard we note that the pretrial agreement sentence limitation expressly permitted a dishonorable discharge.

Furthermore, trial counsel not only argued for a dishonorable discharge, but he also urged that the military judge sentence the appellant to six years confinement. It was then that defense counsel conceded that either type punitive discharge was appropriate and countered that confinement for twenty-four or thirty months would both provide a sufficient period for in-prison psychiatric rehabilitation and avoid the destruction of the appellant's family. While defense counsel did not attain the degree of leniency his counterpart in *Volmar* achieved, success is not the test. In attempting to persuade the sentencing authority to be lenient with his client defense counsel must have the discretion to present reasonable arguments—he surely will fail if he destroys his credibility by ignoring realities.

■ For the foregoing reasons we hold that defense counsel's concession that a dishonorable or bad conduct discharge was not inappropriate in this case, did not deprive the appellant of effective assistance of counsel, and was not error. We further note that even if there was any error in conceding a dishonorable discharge, the convening authority cured it by approving only a bad conduct discharge.

The findings and sentence are hereby

AFFIRMED

Senior Judge SESSOMS and Judge LEWIS concur.