**UNITED STATES, Appellee,**

v.

**Specialist Kevin D. HUDSON, 590–28–8361, United States Army, Appellant.**

**ACMR 9202006.**

U.S. Army Court of Military Review.

26 Aug. 1993.

For Appellant: Mark L. Waple, Raymond C. McRorie, Major Robin L. Hall, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Kenneth T. Grant, JAGC, Captain Steven M. Walters, JAGC (on brief).

Before De GIULIO, Senior Judge, and MORGAN and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of making a false official statement and wrongful distribution of lysergic acid diethylamide (LSD), in violation of Articles 107 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 912a (1988) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for twenty months, forfeiture of $500.00 pay per month for five months, and reduction to Private E1. In compliance with a pretrial agreement, the convening authority reduced the confinement to eighteen months, but otherwise approved the sentence.

Appellant asserts, inter alia, that the military judge erred when he denied the defense motion which, in effect, called for litigation of the "exculpatory no" doctrine and erred in finding that the exculpatory no doctrine was inapplicable to the facts of this case. He also asserts that the military judge erred by failing to question appellant concerning his individual defense counsel's argument for discharge from the service. Finally, he claims that he was afforded ineffective counsel representation at trial. We find appellant's plea of guilty to making a false official statement to be improvident and, accordingly, the issues relating to the exculpatory no doctrine moot. We will dismiss that specification and charge, affirm the remaining findings of guilty, and reassess the sentence.

### Plea of Guilty to Making a False Official Statement

Prior to entering pleas, appellant's counsel moved for dismissal of the specification alleging that appellant made a false official statement "[o]n the basis that that constitutes what has become known in the law as an 'exculpatory no,' which is not a crime under Article 107 of the Code." The military judge refused to act upon the motion stating that it was a potential defense which depended on the facts and which could be presented as evidence on the merits. Appellant's counsel noted that presenting the defense would jeopardize appellant's intended guilty plea and his pretrial agreement. He suggested that the issue could be determined as a question of law. The military judge disagreed and appellant entered pleas of guilty.

From the record, it appears that factual findings were required to determine wheth-

er the actual denial by appellant was limited to a mere negative response to questions by the criminal investigators and whether appellant had been properly advised of his rights before the statement was made. At the end of the providence inquiry, the military judge made findings of fact. In his findings of fact he found "serious questions concerning the admissibility of the accused's statement ..." and "there is substantial evidence that the accused's rights had been violated...." Nevertheless, he determined that the defense was not available to appellant. He accepted appellant's pleas of guilty. The military judge did not determine if appellant continued to adhere to the "exculpatory no" defense.

■ Generally, the "exculpatory no" defense does not extend beyond mere negative responses to questions by a criminal investigator. *See United States v. Prater*, 32 M.J. 433, 437 (C.M.A.1991). Where proper warnings under Article 31, UCMJ, are given to a suspect, his duty to respond truthfully, if he responds, is sufficient to impute officiality to his statement for the purposes of Article 107, UCMJ. *Id.*

■ In addition to the rule concerning the "exculpatory no" defense, military law concerning the providence inquiry into a guilty plea must be considered. Where the possibility of a defense exists, the military judge must secure satisfactory disclaimers of this defense by the accused. *Prater*, 32 M.J. at 436; *see also United States v. Lee*, 16 M.J. 278 (C.M.A.1983); *United States v. Jemmings*, 1 M.J. 414 (C.M.A.1976). The record of trial must contain, however, a substantial basis in law and fact for the defense. *Prater*, 32 M.J. at 436–437; *United States v. Sievers*, 29 M.J. 72, 74 (C.M.A.1989).

■ In the case before us, a substantial basis for the possible "exculpatory no" defense was raised by appellant in his motion. The military judge even found substantial evidence and serious questions concerning whether appellant's statement was admissible because of violations of his Article 31, UCMJ, and 5th Amendment rights. The

military judge never secured a satisfactory disclaimer of the defense from appellant. Consequently, we hold that the plea to this offense was improvident.

We conclude that little would be gained by returning the case for a rehearing on this specification. In the interest of judicial economy, we will dismiss this specification.

Trial Defense Counsel's Argument

■ During argument on sentence, the trial counsel requested that the court-martial send a clear and important message to soldiers by sentencing appellant to a dishonorable discharge, total forfeitures, and a significant period of confinement. At the end of his argument, trial defense counsel implored the military judge to "[s]end your message with a discharge, don't send him to confinement and if—even if you do, don't take all his money so he can send some back home to that little baby that's crying behind me."

Following the argument, the trial counsel requested that the military judge inquire into counsel's argument for a discharge. The following colloquy occurred:

MJ: Counsel, I did not interpret the argument that way. I'll make an inquiry. I thought his argument was in rebuttal to your position that a discharge and confinement was necessary, that if there were a deterrent issue involved in sentencing that that would be accomplished—could be accomplished by the court through the use of a punitive discharge. Am I mistaken Mr. [Y]?

IDC: That's right.

MJ: You did not request the court to impose a punitive discharge, did you?

IDC: No.

■ Generally, it is error for an accused's counsel to concede the appropriateness of a punitive discharge without an indication on the record that he is doing so pursuant to his client's desires. *United States v. McNally*, 16 M.J. 32 (C.M.A.1983); *United States v. Mitchell*, 16 U.S.C.M.A. 302, 36 C.M.R. 458 (1966).

Here, the military judge stated for the record that he did not interpret trial defense counsel's argument as a request for a discharge. Appellant's counsel agreed that he did not request imposition of a punitive discharge. Under these circumstances, there was no need for the military judge to inquire further into the matter.

Even assuming the defense counsel's argument conceded a discharge, we are satisfied that appellant's discharge was virtually certain, considering the facts of this case. An inquiry of appellant by the military judge under these circumstances was not required. *See United States v. Volmar*, 15 M.J. 339, 344 (C.M.A.1983).

Ineffective Assistance of Counsel

█ Appellant asserts that his counsel was ineffective by not raising and insisting that the military judge litigate the "exculpatory no" defense, not making a motion to suppress appellant's out-of-court statements, by not litigating an entrapment defense, and by arguing for a punitive discharge. In order to prevail on an assertion that his counsel was ineffective, appellant must show that his counsel was deficient and that the deficient performance prejudiced him, that is, counsel's errors were so serious as to deprive him of a fair trial, a trial whose result was reliable. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott*, 24 M.J. 186 (C.M.A.1987).

We find that appellant has failed to show his trial defense counsel were deficient. In arriving at this finding we have considered the affidavits submitted by trial defense counsel and find them to be most credible. We hold that counsel were not ineffective.

The remaining assertions of error are without merit.

The findings of guilty of Charge I and its Specification are set aside. Charge I and its Specification are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for fifteen months, forfeiture of $500.00 pay per month for five months, and reduction to Private E1.

Judge MORGAN and Judge GONZALES concur.