CRAWFORD, Chief Judge
(concurring in the result):
In my judgment, appellant’s claim is essentially one of ineffective assistance of counsel. See, e.g., United States v. Pfister, 53 MJ 158, 160 (2000)(Sullivan, J., concurring in the result). While I agree that it would have been preferable for the military judge to inquire on the record whether appellant’s civilian counsel was requesting a discharge, and if so, whether appellant concurred in such a re *302 quest, I find no error based upon the facts of this case.
“Defense counsel is an advocate for the accused, not an amicus to the court.” United States v. Volmar; 15 MJ 339, 340 (CMA 1983), citing Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958). When an accused expresses a desire to stay in the service (whether it be to avoid a punitive discharge or because he wants to continue to serve the nation), the defense counsel errs by conceding the appropriateness of a punitive discharge or telling the court that the accused’s conduct warrants such. See United States v. Garcia, 18 USC-MA 75, 76, 77, 39 CMR 75, 76, 77 (1968); United States v. Richardson, 18 USCMA 52, 53, 39 CMR 52, 53 (1968); United States v. Holcomb, 20 USCMA 309, 43 CMR 149 (1971); United States v. Webb, 5 MJ 406 (CMA 1978).
While the majority correctly notes that there is no evidence that appellant desired to be discharged, I note that the record is devoid of any evidence to the contrary. Nowhere does appellant express a desire to be retained in the service after his conviction. See United States v. Lyons, 36 MJ 425, 427 (CMA 1993). The record indicates that both appellant and his counsel were resigned to the fact that appellant’s days in the Marine Corps were short lived, for the reasons cited by the majority. 54 MJ at 301. The evidence of record convinces me that appellant’s primary desire was to avoid incarceration so that he could continue to work and repay the $15,000 debt his parents incurred in making the Government whole following appellant’s larcenous adventures.
As I stated in United States v. Lee, 52 MJ 51, 53 (1999)(Crawford, J., concurring in the result): “The key to effective advocacy on behalf of one’s client ... requires the advocate to do many things ..., including making rational choices based on the unique circumstances of each case.... ” By conceding the likelihood of appellant’s discharge from the Marine Corps, whether that discharge came in the form of a punitive sentence from the military judge, or whether it came administratively after trial, defense counsel was asking the judge to mitigate confinement. This concession also dovetailed with the defense theory at sentencing — let this “fallen Marine” return home, remain employed, and repay his debts. Counsel’s concession was entirely appropriate in light of the number and nature of the offenses with which his client was charged. Zealous representation does not equate to making hopeless arguments. See id. at 54. Finding no deficiency in counsel’s representation under the first prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), I would affirm the findings and sentence in this case.