UNITED STATES, Appellant

v

DANNY L. DRAKE, Private U. S. Marine Corps, Appellee

21 USCMA 226, 44 CMR 280

No. 25,034

March 3, 1972

Commander Michael F. Fasanaro, Jr., JAGC, USN, and Captain Donald B. Myers, USMCR, were on the pleadings for Appellant, United States.

Captain R. O. Kellam, JAGC, USN, was on the pleadings for Appellee, Accused.

## Opinion of the Court

QUINN, Judge:

In United States v Weatherford, 19 USCMA 424, 426, 42 CMR 26 (1970), we indicated that in an unusual and special case defense counsel can, at the express direction of the accused, "attempt to persuade the court-martial to impose no other punishment than a discharge." On review of this case, the United States Navy Court of Military Review determined that, except for accused's own statement that he was "tired of the Marine Corps" where "everybody . . . [told] you what to do," there was "no reason" apparent in the record to "justify defense counsel's argument for a bad conduct discharge." Our reading of the record impels us to a different conclusion.

The accused had served creditably in Vietnam for eight months, and had no previous convictions. Before the offenses of which he was convicted, which consisted of a 25-day unauthorized absence, a five-day unauthorized absence, and a breach of restriction, he had a series of nonjudicial punishments. His last absence had been terminated by apprehension, and he testified that if restored to duty he would not serve but "leave again." He had discussed his situation with his parents, and they "wanted" him to do what he thought would serve him best; and he believed "Just . . . a BCD" would do that. The record convinces us that counsel's argument constituted a plea for leniency and was in the accused's best interest. United States v Richard, 21 USCMA 227, 44 CMR 281 (1972).

We answer in the negative the question certified by the Judge Advocate General of the Navy, which asks whether the Court of Military Review was correct in its determination "that the argument of . . . [defense counsel] was prejudicial" to the accused. The decision of the Court of Military Review is reversed, and the record of trial is returned to it for further consideration consistent with this opinion.

Chief Judge DARDEN and Judge DUNCAN concur.