UNITED STATES, Appellant

v

ROBERT V. RICHARD, Private, U. S. Marine Corps, Appellee

21 USCMA 227, 44 CMR 281

No. 25,036

March 3, 1972

*Commander Michael F. Fasanaro, Jr.*, JAGC, USN, and *Captain Donald B. Myers*, USMCR, were on the pleadings for Appellant, United States.

*Captain R. O. Kellam*, JAGC, USN, was on the pleadings for Appellee, Accused.

## Opinion of the Court

QUINN, Judge:

Here, as in United States v Drake, 21 USCMA 226, 44 CMR 280 (1972), the Judge Advocate General of the Navy has asked review of the correctness of the determination of the United States Navy Court of Military Review that, at trial, defense counsel had improperly argued that the accused "be given a bad conduct discharge but . . . no confinement or a bare minimum." Observing that United States v Weatherford, 19 USCMA 424, 42 CMR 26 (1970), had held that in certain instances defense counsel can properly argue for imposition of a punitive discharge to the exclusion of other forms of probable punishment, the court relied upon several factors, such as the accused's creditable conduct in pretrial confinement and statements as to his good character by his parents and friends, to conclude that the circumstances of the case did not justify defense counsel's argument.

The matter is not one for easy resolution. On the same day it decided this case, the Court of Military Review decided United States v Ledoux,

No. 71–3186 (NCMR December 10, 1971), in which it held that "counsel did not breach his duty to the accused" by arguing for a punitive discharge. Necessarily, defense counsel must be allowed a degree of discretion in assessing the kind of sentence that would best serve the special interests and needs of the accused. In making that decision, it is certainly permissible for him to consider what the accused believes is a "fair and acceptable sentence." United States v Johnson, 19 USCMA 49, 50, 41 CMR 49 (1969). In *Weatherford,* supra, page 425, we observed that defense counsel "has no duty to put the hangman's noose around his client's neck"; but counsel can plead for leniency. In a particular case, a bad-conduct discharge with no confinement or minimal confinement may be the most lenient and just sentence obtainable. With these generalizations in mind, we turn to the evidence in this case.

The accused entered the service in May 1969. For a little more than a year, he incurred no disciplinary or court-martial punishment. In 1971, however, his conduct was such that he served no regular duty for eight months. On February 2, following two earlier offenses, he absented himself without authority and remained away until February 17. On February 24, he was convicted by a summary court-martial of the three offenses, and the approved sentence provided for confinement for twenty-three days. On March 16, the accused again absented himself without authority and remained away until August 4. At trial, he testified that if he had to "return to duty" he would "definitely" again absent himself. Although he was twenty-one years of age, he regarded himself as "a constant disciplinary problem," and he anticipated that he would "get into trouble" if he had to go to a duty station. On separation from the Marine Corps, he planned to return to the kind of employment he had had before he joined the Corps, and he hoped to "build . . . [his] own . . . shop." Other evidence indicates he had accumulated an appreciable amount of money.

Certainly, there is evidence of mitigation in the record, but, as a result of conduct violative of the Uniform Code of Military Justice, the accused had not performed any regular duty for more than eight months, and he disclaimed any reasonable possibility that he could be rehabilitated to complete his tour of duty. He had an employment goal in the civilian community and the apparent means immediately to realize that goal.[1] Except for the civilian activity contemplated by the accused on separation from the service, the circumstances are substantially similar to those in *Weatherford.* As in *Weatherford,* we believe counsel's argument could reasonably be regarded as in the best interests of the accused.

We answer the certified question in the negative, and return the record of trial to the United States Navy Court of Military Review for further consideration consistent with this opinion.

Chief Judge DARDEN and Judge DUNCAN concur.

---

[1] Informed of the proceedings for review by this Court, the accused has certified that he does not want appointed counsel "to take any steps which might result in a rehearing on the sentence."