UNITED STATES, Appellee

v

LEON STEVENSON, Specialist Four, U. S. Army, Appellant

21 USCMA 426, 45 CMR 200

No. 24,811

May 26, 1972

*Captain Peter J. Horner, Jr.*, argued the cause for Appellant, Accused. With him on the brief were *Colonel George J. McCartin, Jr., Lieutenant Colonel Joseph E. Donahue, Lieutenant Colonel Arnold I. Melnick, Captain Richard A. Cooper*, and *Captain Barry K. Duwe*.

*Captain Benjamin P. Fishburne, III*, argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant*,

*Lieutenant Colonel Ronald M. Holdaway, Captain Richard L. Menson,* and *Captain Walter A. Smith, III.*

## Opinion of the Court

QUINN, Judge:

As framed by the accused, the question presented by this appeal is the effect of the failure of the staff judge advocate to mention in the post-trial advice to the convening authority that the officer "whose words and actions precipitated" the incident that led to the charges against the accused had, shortly after the incident, been "investigated and relieved" from his position as company commander.[1]

The chain of events began when the accused and his companion failed to rise from a sandbag on which they were seated to salute two officers who approached the area. One of the officers was a captain; the other was a second lieutenant. The captain addressed the accused and his companion. He was not called as a witness. Speculation suggests his nonappearance was related to the matter providing the basis for the accused's claim of error, but the record itself is silent on the subject. However, the lieutenant testified for the Government. His version of the encounter differs in some detail from that of the accused. The only difference significant here is the accused's testimony indicating that, in speaking to the accused's companion, the captain acted in a manner unbecoming an officer. For all practical purposes, the accused admitted the offenses affecting the officer. He admitted that he "just grabbed" the captain "and pushed him back," then he turned and stated away from the site. He heard the captain shout to him to "halt," but he did not stop.

Measured by the accused's testimony, there is nothing to indicate that the captain had abandoned his position as an officer in respect to the accused, or that he had invited the accused to assault his person or to disregard his order. Compare United States v Struckman, 20 USCMA 493, 43 CMR 333 (1971). In United States v Cave, 17 USCMA 153, 37 CMR 417 (1967), we called attention to the "practical wisdom" in the traditional reminder to persons in authority to avoid giving orders such as "stand at attention," or "be quiet," when "it is reasonably predictable" from the circumstances that the individual to whom the order is given "will not respond." Such an order, in such circumstances, may be indicative of poor leadership on the part of the person giving the order. Poor leadership, however, provides no legal justification to disregard a lawful order; much less does it sanction an assault upon the one who issues it. Consequently, accepting the accused's version of the incident in all its detail, the removal of the captain from command and his transfer to a staff position could not affect the validity of the findings of guilty. *Ibid.*, at page 156. Nor are we persuaded that knowledge of the captain's deficiencies would have induced the convening authority to excuse the accused's delicts as a matter of command discretion. Compare United States v Massey, 5 USCMA 514, 18 CMR 138 (1955), with United States v Cash, 14 USCMA 96, 33 CMR 308 (1963), and United States v Hooper, 11 USCMA 128, 28 CMR 352 (1960).

Left for consideration is the possible effect of the information on the convening authority's action as to the sentence. The staff judge advocate had recommended approval of the adjudged sentence, which included confinement for three years, but the convening authority approved confinement for only one year. The record discloses no reason for the convening authority's refusal to accept his staff

---

[1] The post-trial advice referred to the investigation of a military police sergeant, who had also been involved in the incident, and noted his transfer, but it said nothing about the investigation and transfer of the officer.

**427**

judge advocate's recommendation. Cf. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 86c, page 17–3. Government counsel contend that since the investigation which resulted in the captain's relief from command was conducted by a staff officer of the convening authority, he "must have been aware of the contents" of the investigation report. See Army Regulation 20–1, August 22, 1968, paragraph 1–4(c). The presumption of regularity may import knowledge of the investigation report by the convening authority, but the record provides no certain assurance that he considered the report when he acted on the accused's sentence, especially since the Government concedes "other matters were involved" in the investigation. See United States v Anton Johnson, 21 USCMA 270, 45 CMR 44 (1972). True, the convening authority substantially reduced the period of confinement adjudged at trial, but, if his reassessment did not take account of a substantial mitigating circumstance that should have been brought to his attention, the accused is entitled to reconsideration of the sentence. United States v Rivera, 20 USCMA 6, 42 CMR 198 (1970).

Government counsel contend that the matter of the captain's removal from command is too insignificant to constitute a mitigating factor for the accused. Our opinion in *Cave* impels a contrary conclusion. Although the convening authority accorded the accused considerable leniency, there is still a fair chance that had he known more of the captain's role in the incident, he might have further mitigated the sentence. United States v Boatner, 20 USCMA 376, 43 CMR 216 (1971); United States v Foti, 12 USCMA 303, 30 CMR 303 (1961).

The decision of the United States Army Court of Military Review as to the sentence is set aside. The record of trial is returned to the Judge Advocate General for reference to the convening authority for reconsideration of the sentence.

Chief Judge DARDEN and Judge DUNCAN concur.