UNITED STATES

v.

**Mario S. REED, Seaman Apprentice,
U. S. Coast Guard.**

CGCMS 23099.
Docket No. 818.

U. S. Coast Guard Court of
Military Review.

8 Feb. 1979.

Trial Counsel: LT David J. Kantor, USCGR.

Defense Counsel: LT Michael G. Barrier, USCGR.

Appellate Defense Counsel: LT Jon W. Peterson.

Appellate Government Counsel: LT Robert R. Meeks.

OPINION

MORGAN, Chief Judge:

This case is before the Court for the third time. It was affirmed in November 1975.

*U. S. v. Reed,* 2 M.J. 1107 (C.G.C.M.R.1975). Upon review by the Court of Military Appeals, that Court determined that the convening authority was disqualified from taking initial action on the record because of his appearance as a witness for the Government on a speedy trial issue. This Court's decision was reversed and the record of trial was returned to the Chief Counsel for submission to a different competent authority for a new review and action. *U. S. v. Reed,* 2 M.J. 64 (C.M.A.1976). The new review and action were accomplished and the record was again referred to this Court for review. Errors and irregularities in connection with the new review and action required that they also be set aside and the record was again returned to the Chief Counsel for submission to a different competent authority for yet another new review and action. *U. S. v. Reed,* 4 M.J. 869 (C.G.C.M.R.1978). This latest review was accomplished by the acting district legal officer Fifth Coast Guard District and the new action on the record was taken by Commander, Fifth Coast Guard District.

Seaman Apprentice Reed was tried by special court-martial on 27 and 28 February 1975. He pleaded guilty to and was convicted of various violations of Articles 81, 86, 92, 95 and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 886, 892, 895 and 923a. The military judge sentenced the accused to be confined at hard labor for four months, to forfeit $210.00 per month for four months and to be discharged from the service with a bad conduct discharge. Consistent with the terms of a pretrial agreement the convening authority reduced the period of confinement to two months and otherwise approved the sentence. Three different officers exercising general court-martial jurisdiction have subsequently approved the sentence as originally approved by the convening authority.

Appellate defense counsel again challenges the adequacy of the district legal officer's review and argues that even if the review were found to be adequate the Court should disapprove the bad conduct discharge either as being inappropriate or as an act of clemency.

The accused and his counsel negotiated an agreement with the convening authority whereby the accused agreed to plead guilty to the offenses of which he now stands convicted in exchange for the convening authority's commitment to dismiss various other charges against the accused and to approve no sentence exceeding confinement at hard labor for two months, forfeiture of two-thirds pay per month for six months, reduction to pay grade E-1 and discharge from the service with a bad conduct discharge.

During the sentence proceedings at trial the defense presented the military judge an unsworn written statement of the accused (Appellate Exhibit VIII) reading in part:

"Although my Defense Counsel and others have counseled me as to the serious consequences of a bad conduct discharge, and although they have gone to great lengths urging me to avoid this punishment above all, for reasons of my own I request this and no other punishment."

\* \* \* \* \* \*

"I have spent so much time in pretrial confinement that I feel further brig time could have adverse effects upon my mental and physical health."

The military judge obtained assurance from trial defense counsel that he had fully explained the implications of a bad conduct discharge to his client and believed Seaman Apprentice Reed understood those implications although, perhaps, he could not then appreciate all the possible long range effects of such a discharge. (R–124). The military judge also made extensive personal inquiry of the accused concerning his understanding of and motivation for requesting a bad conduct discharge in lieu of other punishments. (R–125, 131).

There can be little question on this record that the accused's request for a bad conduct discharge was understandingly made with full advice of the potential adverse effects of such a discharge. While his desire to avoid further confinement was paramount, he also asserted that separation from the service would permit him to resolve his financial and marital problems. That this

was his right to ask for one kind of punishment to the exclusion of other permissible penalties is well established. *U. S. v. Weatherford,* 19 U.S.C.M.A. 424, 42 C.M.R. 26 (1970); *U. S. v. Freeland,* 19 U.S.C.M.A. 455, 42 C.M.R. 57 (1970); *U. S. v. Drake,* 21 U.S.C.M.A. 226, 44 C.M.R. 280 (1972).

The acting district legal officer's advice to the Commander, Fifth Coast Guard District informed that official pertinently:

"7. *Matters in Extenuation, Mitigation, and Aggravation.*

\*      \*      \*      \*      \*      \*

"(20) The accused submitted an unsworn written statement to the Military Judge in which he asked for a bad conduct discharge and no other punishment, and indicated that he had enjoyed many aspects of Coast Guard service, and regretted the mistakes that he made while under the terrible emotional and financial pressures that accompanied his marriage and its breakup (AE VIII)."

"8. *Sentence.*

\*      \*      \*      \*      \*      \*

"e. A bad conduct discharge is a severe punishment and should be reserved only for those cases that clearly warrant it. You should specifically consider its appropriateness in view of all the evidence, including the unsworn statement of the accused and his conviction of a Federal crime for which, on 20 December 1974, he was placed on five years probation. At the trial the accused requested a bad conduct discharge against the advice of counsel who, in fact, did not argue for a bad conduct discharge. Now the accused, having completed all the other forms of his punishment, no longer desires a bad conduct discharge. Since you have to make your decision on an appropriate sentence now, you must consider the petition for clemency and the defense counsel's letter dated 23 June 1978 as well as the unsworn statement."

The petition for clemency referred to by the acting district legal officer is dated 24 January 1977 and was addressed by appellate defense counsel to Commander, Third Coast Guard District, the authority to whom the Chief Counsel initially submitted the record for a new review and action following the decision by the Court of Military Appeals. *U. S. v. Reed,* 2 M.J. 64, *supra.* This petition detailed Seaman Apprentice Reed's employment record, conduct and marital status since he was released from confinement and placed on leave without pay in August 1975. It urged disapproval of the bad conduct discharge in view of the accused's positive attitude and good conduct during the intervening months despite the hardships he had suffered by virtue of his uncertain status.

The defense counsel's letter dated 23 June 1978 also referred to by the acting district legal officer is a letter from the trial defense counsel to Commander, Fifth Coast Guard District. This letter reiterated much of the information contained in the petition for clemency dated 24 January 1977, emphasized the prolonged and continuing hardships to which Seaman Apprentice Reed had been subjected by failure of reviewing authorities to resolve his case and again urged that the bad conduct discharge be disapproved.

Appellate defense counsel contends that this latest staff legal officer's review is inadequate and misleading in failing to advise the officer taking initial action on the record that the appellant's sole motivation in asking for a bad conduct discharge in his unsworn statement submitted to the trial judge (Appellate Exhibit VIII) was to avoid further confinement. We must reject appellate defense counsel's contention.

The acting district legal officer's review is comprehensive, fair and impartial, unquestionably fulfilling the general requirements of Articles 61 and 65(b), Uniform Code of Military Justice, 10 U.S.C. §§ 861 and 865(b) and paragraph 85b, Manual for Courts-Martial, 1969 (Rev.). Construing those provisions the Court of Military Appeals has consistently held that the post-trial review need not repeat the transcript of the trial proceedings but must, of necessity, selectively summarize the evidence both as to findings and sentence. *U.*

*S. v. Fields,* 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958); *U. S. v. Sulewski,* 9 U.S.C.M.A. 490, 26 C.M.R. 270 (1958); *U. S. v. Cash,* 14 U.S.C.M.A. 96, 33 C.M.R. 308 (1963); *U. S. v. Edwards,* 23 U.S.C.M.A. 202, 48 C.M.R. 954 (1974). The measure of the adequacy of a post-trial review is not whether all that transpired at trial has been repeated but whether it fairly summarizes the salient evidence on both sides of the essential issues and provides proper guide-posts by which the convening authority may determine anew the guilt or innocence of the accused and make an informed decision as to which parts or amounts of the sentence should be approved. *U. S. v. Edwards, supra; U. S. v. Nelson,* 23 U.S.C.M.A. 258, 49 C.M.R. 433 (1975); *U. S. v. Burton,* 50 C.M.R. 547 (A.F.C.M.R.1975); *U. S. v. Stevenson,* 21 U.S.C.M.A. 426, 45 C.M.R. 200 (1972); *U. S. v. Roeder,* 22 U.S.C.M.A. 312, 46 C.M.R. 312 (1973). The review in this case not only fairly summarized the pertinent information bearing on sentence appropriateness but also specifically directed the convening authority's attention to the accused's own written words to the trial judge as well as his counsel's post-trial entreaties for disapproval of the bad conduct discharge. It thus amply met the standards established by the Code, the Manual and decisions of the Court of Military Appeals.

■ The acting district legal officer's review dated 21 July 1978 was served on the trial defense counsel 24 July 1978. By letter of 25 July 1978 the trial defense counsel submitted more than four pages of comments to be considered by Commander, Fifth Coast Guard District along with the acting district legal officer's review. The Commander, Fifth Coast Guard District did not take action on the record until 8 August 1978 when, it may be presumed, the record and allied papers including the acting district legal officer's review and the reply of trial defense counsel were before him. In this latter paper trial defense counsel again urged that the bad conduct discharge be disapproved because of the hardships Seaman Apprentice Reed had suffered due to the delays in the resolution of his case, because of the continuing adverse effects of

a punitive discharge and because the accused was fully rehabilitated and had more than paid his debt to society for his offenses. Yet the reply made no suggestion that the review was inadequate or misleading in the manner now urged by appellate defense counsel. Thus any deficiency in the review was waived. *U. S. v. Goode,* 1 M.J. 3 (C.M.A.1975); *U. S. v. Barnes,* 3 M.J. 406 (C.M.A.1977).

■ The accused stands convicted, inter alia, of conspiracy to make a false official statement, unauthorized absence exceeding thirty days terminated by apprehension, resisting apprehension and thirteen worthless check offenses in amounts of $34.50 to $150.00. Considering these offenses in the light of the entire record before us, the sentence including a bad conduct discharge was and is entirely appropriate. See paragraph 76a(4), MCM; *U. S. v. Blakely,* 49 C.M.R. 875 (C.G.C.M.R.1975); *U. S. v. Riley,* 1 M.J. 639 (C.G.C.M.R.1975); *U. S. v. Rasmussen,* 4 M.J. 513 (C.G.C.M.R.1977); *U. S. v. Weatherford, supra.* Having so determined, we also decline appellate defense counsel's urging that we disapprove the bad conduct discharge as an exercise of judicial clemency.

The findings of guilty and the sentence as approved on review below are affirmed.

Judges BURGESS, ALCANTARA and BRIDGMAN concur.

Judge HOLLAND did not participate in the decision in this case.