**UNITED STATES**

**v.**

**William E. WALLACE, Seaman, U.S. Coast Guard.**

**CGCMS 23622.
Docket No. 839.**

U. S. Coast Guard Court of Military Review.

8 July 1982.

Trial Counsel: LCDR Richard R. CLARK, USCG.

Defense Counsel: CDR Jonathan COLLOM, USCG.

**870**

Appellate Defense Counsel: LT Dana J. ST. JAMES, USCGR.

Appellate Government Counsel: LT Christena G. GREEN, USCGR.

## OPINION

MORGAN, Chief Judge:

Seaman William E. Wallace, USCG, was tried by a special court-martial judge alone on 29 April 1981. He pleaded guilty to and was convicted of five offenses of absence from his place of duty and an offense of failing to go to his appointed place of duty in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, one offense of wilfully disobeying a lawful order of his superior petty officer in violation of Article 91, UCMJ, 10 U.S.C. § 891 and one offense of breaking restriction in violation of Article 134, UCMJ, 10 U.S.C. § 934. The military judge sentenced the accused to be confined at hard labor for one month, to be reduced to pay grade E–1 and to be discharged from the service with a bad conduct discharge. The findings of guilty and the sentence were approved by the convening authority and by the officer exercising general court-martial jurisdiction.

Appellate defense counsel points out that the accused was not given timely notice of the charges against him as required by Article 10, UCMJ, 10 U.S.C. § 810, following his pretrial incarceration and argues that the sentence including an approved bad conduct discharge is inappropriately severe.

After periods of unauthorized absence from 25–26 January 1981, 27–30 January 1981 and 2–13 February 1981 the accused was restricted. He broke his restriction the same day it was imposed to absent himself without authority again from 13–26 February 1981. He was again restricted from 26 February until 13 March 1981. An additional period of unauthorized absence followed from 23–25 March 1981 and on 26 March 1981 the accused failed to go at the time prescribed to his appointed place of duty. On that same date he was ordered into pretrial confinement which continued until his trial 29 April 1981.

█ Charges were preferred against the accused 7 April 1981 and referred for trial by special court-martial on 22 April 1981. The charges were served on the accused 23 April 1981. It appears that this was the first formal notice to the accused of the charges against him since the appropriate space on page 3 of the charge sheet for showing that an accused has been informed of the charges against him as required by paragraph 32f(1), Manual for Courts-Martial, 1969 (Rev.) is blank.

Article 10, UCMJ, provides in part:

"When any person subject to this chapter is placed in arrest or confinement prior to trial, immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him."

The Court of Military Appeals has said that the purpose of this notification requirement is to provide the accused knowledge of the offenses charged so that he may consider his defense and apprise his family, friends or counsel of his predicament to enable them to assist him by whatever means available. That purpose is satisfied whether the accused's knowledge of the specific offense comes immediately before or immediately after his arrest or confinement. Thus, if the accused knows the precise offense or offenses which led to his arrest or confinement further notice is not required. *U.S. v. Tibbs,* 15 U.S.C.M.A. 350, 35 C.M.R. 322 (1965).

█ In this case Seaman Wallace embarked on a course of conduct involving repeated unauthorized absences calculated to obtain his separation from the Coast Guard. He was twice restricted to ensure his presence and on one occasion breached his restriction. His confinement followed his failure to report for muster the morning after his fifth period of unauthorized absence had terminated. Clearly he must have known the reason for his confinement so that the purpose of Article 10, UCMJ, was fulfilled. Under such circumstances the failure to comply strictly with the requirements of the statute does not constitute a denial of due process of law and the

accused was not prejudiced. *U.S. v. Tibbs,* supra; *U.S. v. Hawes,* 18 U.S.C.M.A. 464, 40 C.M.R. 176 (1969). Moreover, the issue was waived by failure of defense counsel to raise it at the trial. See *U.S. v. Sloan,* 47 C.M.R. 436 (A.C.M.R.1973) affirmed *U.S. v. Sloan,* 22 U.S.C.M.A. 587, 48 C.M.R. 211 (A.C.M.R.1974); *U.S. v. Smith,* 23 U.S.C. M.A. 98, 48 C.M.R. 659 (A.C.M.R.1974).

█ In mid January 1981 Seaman Wallace reported for duty at Marine Safety Office Portland, Oregon, an assignment he had requested to be nearer his family in Eugene, Oregon. Shortly after reporting to MSO Portland the accused decided that he must leave the Coast Guard to be with his family at Eugene. He talked with his Executive Officer and was told that he could only be discharged for cause such as misconduct. Within a week, on 25 January 1981, Seaman Wallace embarked on a series of unauthorized absences and related misconduct intended to obtain his separation from the Coast Guard.

At trial the accused asked the military judge to sentence him to a bad conduct discharge and forbade his defense counsel to present anything favorable in his behalf. Seaman Wallace testified under oath that his decision to leave the service was irrevocable and that if he were retained in the Coast Guard his course of misconduct would likely resume. The record reveals that both the defense counsel and the military judge

fully explained to Seaman Wallace all the ramifications of separation from the service with a bad conduct discharge and ascertained beyond doubt that his decision to seek separation under such conditions was knowingly made with full understanding of the possible consequences. See *U.S. v. Weatherford,* 19 U.S.C.M.A. 424, 42 C.M.R. 26 (1970); *U.S. v. Drake,* 21 U.S.C.M.A. 226, 44 C.M.R. 280 (1972).

Considering Seaman Wallace's calculated course of repeated offenses designed to effect his separation from the service together with his persistence at trial in affirmatively seeking a sentence to bad conduct discharge only, we are convinced that the approved sentence including a bad conduct discharge is entirely appropriate. See paragraph 76a(4), MCM, 1969 (Rev.); *U.S. v. Blakely,* 49 C.M.R. 875 (C.G.C.M.R.1975); *U.S. v. Dotson,* 9 M.J. 542 (C.G.C.M.R.1980).

The findings of guilty and the sentence approved on review below are affirmed.

Judges HOLLAND, VERSAW, BEAVER and BRIDGMAN concur.