UNITED STATES, Appellee,

v.

Thomas LYONS, Mess Management
Specialist Seaman Recruit U.S.
Navy, Appellant.

No. 67,588.

NMCM 90 1674.

U.S. Court of Military Appeals.

Argued Nov. 30, 1992.

Decided April 19, 1993.

For Appellant: *Major Gregory S. Warner,* USMC (argued).

For Appellee: *Captain Laulie S. Powell,* USMC (argued); *Colonel T.G. Hess,* USMC (on brief).

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a special court-martial convicted appellant of unauthorized absence (AWOL) from May 29, 1989, to January 11, 1990, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. Appellant had been charged with desertion, in violation of Article 85, UCMJ, 10 USC § 885, for the same period, but pleaded guilty to the lesser included offense of AWOL in accordance with a pretrial agreement.

The military judge sentenced appellant to a bad-conduct discharge as well as to confinement and forfeiture of $250.00 pay per month for 3 months. The convening authority attempted to suspend all confinement in excess of 45 days in accordance with the pretrial agreement, but the Court of Military Review held that since "all confinement had run by the date of" his action, his attempt "was a nullity." Unpub. op. at 1. The Court of Military Review affirmed the findings and the sentence * except for confinement exceeding 45 days.

■ We specified the following issue for review:

WHETHER THE MILITARY JUDGE ERRED IN NOT INQUIRING INTO APPELLANT'S UNDERSTANDING OF THE RAMIFICATIONS OF HIS REQUEST FOR A BAD–CONDUCT DISCHARGE.

* Special Court–Martial Supplemental Order No. 363–91, dated 25 April 1991, which purports to execute the bad-conduct discharge before completion of appellate review, is a nullity.

Appellant made an unsworn statement during the sentencing hearing. He described his successful completion of boot camp and Mess Specialist "A" School. He stated that his instructors at "A" School recommended him for promotion to Third Class Petty Officer and gave him five citations for outstanding performance. When he returned home after "A" School, he found his family in severe financial difficulty and decided to stay home until he could straighten out the family finances. He concluded his unsworn statement by telling the military judge:

> I know I will be punished. I feel that because my family situation back home is such a distraction, I cannot devote myself as I should to the Navy. I feel that it is in both my interest and the Navy to discharge me. I realize that a BCD [bad-conduct discharge] will have a hard effect on me. I respectfully request you be lenient with me and not reduce my pay to[o] much. My family is in a desperate financial situation. Thank you.

Trial counsel asked the military judge to inquire into appellant's request for a bad-conduct discharge, but the military judge declined, explaining:

> No. Counsel typically may have some kind of documents in their records to indicate that they fully explained the situation to the accused. The accused's own comments there, I think, indicate that he has had a chance to discuss it fully and understands the impact that it could have with his counsel. That's typically between counsel and the accused.

In his sentencing argument, defense counsel recounted appellant's promising start to a Navy career and appellant's family problems. Defense counsel concluded his argument as follows:

> Now he has requested a BCD and that, as Your Honor knows, is very serious punishment and I request that you weigh that heavily when you consider other forms of punishments. I request that you're especially lenient in the area of forfeitures. His real problem is that—

the lack of money that his family is experiencing right now, and forfeitures are going to harm them more than they are going to harm him. Sir, I request some leniency in that aspect. In terms of confinement, sir, he has already served approximately two weeks. The defense would request that you limit his confinement period to a total of 30 days. Thank you, sir.

Appellant's pretrial agreement limited confinement to 45 days, but it was operative only if a punitive discharge was adjudged. If no punitive discharge was adjudged, the convening authority was free to approve whatever confinement and forfeitures were adjudged.

Appellant now argues that the military judge erred by not seeking trial defense counsel's assurances that appellant was aware of alternative potential resolutions of his family's financial crisis and the ramifications of requesting a bad-conduct discharge. The Government argues that the military judge has no *sua sponte* duty to inquire into an accused's request for a punitive discharge as long as the accused has not otherwise expressed or implied a desire to remain in the service. Appellant does not contend that his defense counsel failed to explain the ramifications of a punitive discharge; that he did not understand those ramifications; or that his defense counsel's sentencing argument was inconsistent with his desires. We hold that the military judge had no *sua sponte* duty to make further inquiry in this case.

In *United States v. Weatherford*, 19 USCMA 424, 42 CMR 26 (1970), we acknowledged that an accused has the right to ask the sentencing authority for one kind of punishment to the exclusion of others. Chief Judge Quinn explained:

> He may have a wife and a child to support and he may have a promise of employment. He may, therefore, deem it better to plead for discharge without confinement, than to say nothing and face the risk of confinement with a discharge.... It is to the accused's advantage ... to attempt to persuade the court

members that a discharge alone would constitute a fair and appropriate punishment for his crimes.... We conclude, therefore, that, in an appropriate case, defense counsel may properly assist the accused in his attempt to persuade the court-martial to impose no other punishment than a discharge.

19 USCMA at 426, 42 CMR at 28. *See also United States v. Richard*, 21 USCMA 227, 44 CMR 281 (1972); *United States v. Drake*, 21 USCMA 226, 44 CMR 280 (1972); *United States v. Freeland*, 19 USCMA 455, 42 CMR 57 (1970).

 On the other hand, where the record is silent regarding an accused's desires, defense counsel may not concede that a punitive discharge is appropriate. *United States v. Holcomb*, 20 USCMA 309, 310, 43 CMR 149, 150 (1971). Likewise, a defense counsel may not ask for a punitive discharge contrary to the desires of the accused. We will set aside the sentence if "there is some evidence in the record which fairly indicates that the accused desires to be retained in the service despite his conviction," and defense counsel argues or implies that a punitive discharge is an appropriate punishment. Where defense counsel asks for a punitive discharge contrary to the client's desires, "we have repeatedly ruled that there is ineffective assistance of counsel." *United States v. Volmar*, 15 MJ 339, 341 (CMA 1983).

"Even if an accused desires a punitive discharge, ... defense counsel has an obligation ... to try to dissuade him from" asking the court-martial to impose one. *United States v. Holcomb*, 20 USCMA at 311, 43 CMR at 151. If, however, the accused persists in his desire for a punitive discharge, defense counsel should not disclose to the sentencing authority that his client is acting contrary to advice of counsel. Defense counsel's advice to his client should remain "between him and his client until an attack [is] leveled at his competency and loyalty." *United States v. Blunk*, 17 USCMA 158, 161, 37 CMR 422, 425 (1967).

In appellant's case there was no conflict between defense counsel's trial strategy and appellant's desires regarding continued military service. The record clearly demonstrates that appellant desired to return to his family as soon as possible and that he hoped to minimize his confinement and forfeitures by asking for a bad-conduct discharge as his sole punishment. Accordingly, we hold that the military judge did not err by declining to conduct an inquiry on the record regarding appellant's request for a punitive discharge. *See United States v. Richard, supra* (accused testified and disclaimed that he could be rehabilitated to complete his enlistment); *United States v. Freeland, supra* (accused testified that he had no desire to return to duty); *United States v. Blunk, supra* (accused submitted written statement requesting bad-conduct discharge).

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.