# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**First Lieutenant HARRISON W. GARDNER**
**United States Army, Appellant**

ARMY 20160473

Headquarters, 25th Infantry Division
Mark A. Bridges, Military Judge
Colonel William D. Smoot, Staff Judge Advocate

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Captain Katherine DePaul, JA (on brief).

For Appellee: Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Michael E. Korte, JA (on brief).

6 December 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

WOLFE, Judge:

The commander of the 536th Support Maintenance Company at Schofield Barracks, Hawaii, had a "known substance abuse" problem in his unit. What was unknown to him was that his executive officer was part of the problem. The executive officer, First Lieutenant (1LT) Harrison W. Gardner, appeals his guilty plea for using, possessing, and distributing drugs. Specifically, 1LT Gardner assigns as error that his civilian defense counsel was ineffective when he conceded during his sentencing argument that 1LT Gardner should be dismissed for his crimes.

## BACKGROUND

The facts of the case were agreed to by both parties at trial and are not disputed on appeal.

In November, 2015, 1LT Gardner was assigned to the 25th Infantry Division at Schofield Barracks, HI. He had two friends living in Oregon who grew marijuana; Tara and Dana Dinsmore. The two friends sent him packages of marijuana through

the U.S. Mail. First Lieutenant Gardner stated to a friend "that he wanted to receive more packages of marijuana and [wanted] to help his friends . . . move their marijuana to Hawaii." When police raided Lieutenant Gardner's apartment they seized 1.966 pounds of marijuana, a scale used to weigh marijuana, and $13,540 in cash.[1]

At his guilty plea, appellant admitted using, possessing, and distributing marijuana.[2] He also admitted to several aggravating circumstances.

Appellant admitted that on five separate occasions he used marijuana. On one of those occasions, 1LT Gardner was at a training site conducting live-fire support operations. Appellant went to a civilian residence to pick up a noncommissioned officer. Prior to departing the residence Lieutenant Gardner then smoked marijuana in the presence of the noncommissioned officer. Appellant also smoked marijuana with two acquaintances in Pearl City. One asked him "if he was in the military and the effect consuming marijuana might have on his status." First Lieutenant Gardner responded that he was in the military but that "I know well in advance when the urinalysis is coming."

One of the acquaintances spontaneously reported appellant to military law enforcement. Shortly afterward, the unit conducted a urinalysis. In a series of text messages with one of his noncommissioned officers, Staff Sergeant Richard Nixon, 1LT Gardner asked and speculated about what the test results would be. First Lieutenant Gardner alluded to placing a pubic hair in the test sample in attempt to void the test. He further stated he would have asked the soldier administering the test to swap out the urine sample had he known the individual better. Appellant's test would later come back positive for marijuana.

---

[1] The Dinsmores shipped marijuana to 1LT Gardner and eventually moved into his off-post house in Pearl City, Hawaii. While it appears that the Dinsmores were heavily involved in the scheme to sell marijuana, 1LT Gardner admitted that he exercised dominion and control over the drugs found in his residence. He further stipulated that he aided and abetted the Dinsmores in furtherance of a common criminal purpose of distributing marijuana, and that he willfully helped execute the criminal enterprise.

[2] Appellant pleaded guilty to five specifications of wrongfully using marijuana, two specifications of wrongfully distributing marijuana, and one specification of wrongfully possessing marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2012) [UCMJ]. A military judge, sitting as general court-martial, sentenced appellant to a dismissal and confinement for thirteen months. In accordance with a pretrial agreement, the convening authority approved only so much of the sentence extending to a dismissal and ten months confinement.

Notwithstanding the pending test results, the very next day 1LT Gardner agreed to sell marijuana to an undercover military investigator. While the undercover investigator waited in the car, appellant went into his residence and "grabbed approximately six grams of marijuana which was already weighed and bagged." First Lieutenant Gardner then completed the sale.

Five days later, Lieutenant Gardner agreed to sell marijuana a second time. He stated that he sold marijuana in "small" and "bulk" amounts. When asked, he further stated that he could sell ecstasy, finding cocaine to sell would be harder, but that "finding drugs is something I excel at." Appellant then showed the undercover investigator several different strains of marijuana he had to offer, and while smoking marijuana himself, sold 11 grams of marijuana for $100.

## LAW AND DISCUSSION

First Lieutenant Gardner asserts that during sentencing argument his civilian defense counsel improperly argued in favor a sentence that included a dismissal. We review such an allegation of error as a claim of ineffective assistance of counsel. *United States v. Quick*, 59 M.J. 383, 385 (C.A.A.F. 2004). We apply the well-established two-pronged test announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Appellant has the burden of establishing both deficient performance and prejudice. *Id.* at 694.

### A. Deficient Performance

Although the government argues differently, our reading of the record is that appellant's civilian defense counsel, at the very least, assumed that a dismissal would be part of the adjudged sentence. Defense Counsel argued that a dismissal would serve the purpose of deterrence better than confinement, and that a sentence "of no more than sixty days of confinement is enough, and that with the dismissal is devastating to Lieutenant Gardner . . . ."

In an affidavit submitted on appeal, First Lieutenant Gardner swears that he did not consent to an argument in favor of a dismissal and would not have consented had he been asked. The government did not request that we order an affidavit from the civilian defense counsel. Accordingly, we accept as true for purposes of this appeal that appellant did not consent to any argument in favor of a punitive discharge.

The government responds that the defense counsel's argument was reasonable. The government argues that "[c]ounsel in this case [] most effectively sought to lower the potential sentence to confinement by arguing that the inevitable dismissal best met the sentencing philosophy of deterrence compared to lengthy confinement."

While we might agree with the government's argument in a vacuum, the range of permissible argument by a defense counsel is constrained by longstanding case law. An argument for a punitive discharge may only be made with the consent of the accused and such consent must be made part of the record of trial. *See United States v. Dresen*, 40 M.J. 462, 465 (C.M.A. 1994) (citing *United States v. Lyons*, 36 M.J. 425 (C.M.A. 1993)) (a defense counsel who intends to ask for any punitive discharge must "make a record that such advocacy is pursuant to the accused's wishes."); *United States v. Quick*, 59 M.J. 383, 385-86 (C.A.A.F. 2004); *See also United States v. Israel,* 75 M.J. 559, 561 (Army Ct. Crim. App. 2015).

The government cites *Wainwright v. Sykes* for the proposition that the "trial process simply does not permit the type of frequent and protracted interruptions which would be necessary if it were required that clients give knowing and intelligent approval to each of the myriad tactical decisions as a trial proceeds." 433 U.S. 72, 93 (1977) (Berger, J. concurring). However, our superior court has not lessened the longstanding requirement that an argument for a punitive discharge be only made with the consent of the accused.

## B. Prejudice

To pass the second *Strickland* prong appellant must prove that "there is a reasonable probability that, but for counsel's error, there would have been a different result. *Quick*, 59 M.J. at 386-87 (citing *Strickland*, 466 U.S. at 694). Here, as a dismissal was the only authorized form of punitive separation from the service, appellant must demonstrate that, but for his counsel's sentencing argument, there is a reasonable probability he would not have received a dismissal as part of his punishment.

Appellant, a commissioned officer, elected to become a drug dealer. Appellant twice sold drugs for profit, stated he would consider selling marijuana in "bulk," and expressed the ability and willingness to sell harder drugs. First Lieutenant Gardner further used his position to "know well in advance when [a] urinalysis [test] is coming." He used drugs while supporting a live-fire training exercise and in the presence of at least one enlisted soldier. Appellant discussed how to evade and frustrate the urinalysis tests with a noncommissioned officer. First Lieutenant Gardner's eagerness to use and sell drugs, combined with the amount of marijuana and cash found in his residence, do not indicate that his offenses were isolated instances of poor judgment.

As our superior court found in *Quick*, we see no reasonable probability that even if defense counsel had not conceded a dismissal there would have been a different result. 59 M.J. at 387. As with *Quick*, "[t]his is underscored by the fact that this was a trial by military judge alone." *Id.* Nor does the record "reveal that the military judge was perceptibly swayed by defense counsel's concessions." *Id.*

4

First Lieutenant Gardner has failed to meet his burden to establish prejudice under the Strickland test.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge MULLIGAN and Judge FEBBO concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court